WIGGINTON, Judge.
Appellant, as garnishee in the trial court, seeks review of a final judgment rendered in favor of appellees.
Appellees as plaintiffs brought suit against Atlantic Truck Service, Inc., a corporation, as defendant, for damages suffered as a result of the negligent operation by defendant of a tractor and trailer owned by it. In that suit plaintiffs recovered judgment in the sum of $15,000.00. Ap- *80 pellees subsequently instituted garnishment proceedings against appellant, The Phoenix Insurance Company, and Rapid Freight Consolidators, Inc., a corporation, as garnishees, in which appellees alleged that the named garnishees had in their hands, possession, or control, goods, money, chattels, or effects belonging to defendant, Atlantic Truck Service, Inc., in the form of a policy of automobile liability insurance which covered the vehicle owned by Atlantic and which was in force and effect on the date upon which plaintiff was injured as a result of the negligent operation of the covered vehicle. Both garnishees answered the writ of garnishment in which they denied that they were indebted to the defendant or had any goods, money, chattels, or effects of the defendant. Furthermore, they denied that they had any policy of liability insurance in force and effect as to the defendant, Atlantic Truck Service, Inc., on the date plaintiff received her injuries or at any other time between the service of the writ and the filing of their answers. To the answers of the garnishees, appellees filed their traverse realleging that at the time their cause of action against Atlantic accrued, the garnishee, The Phoenix Insurance Company, had in full force and effect a policy of insurance which insured or indemnified defendant, Atlantic, against and for the cause of action and facts alleged in the complaint against which judgment was subsequently rendered in favor of plaintiffs and against Atlantic, and that appellant garnishee was therefore indebted to the plaintiffs and the defendant in the amount of the judgment together with costs and interest. By their traverse appellees requested a jury trial on all issues in the cause.
At the commencement of the trial after the jury was impaneled but before the taking of testimony commenced, the trial court instructed the jury as to the limited issue which was being submitted to it for its decision by the following announcement:
“It is not a question before you whether there was or wasn’t an insurance policy. The sole question you have got to determine is whether or not this notice was sent to the insurance company, SR-21, and if it was sent, whether there was any response by the insurance company. So, in this case, if you should decide as a matter of fact that the notice was sent but the insurance company made no response, then you should rule for the plaintiff. If, on the other hand, you, by the facts that you must determine, you determine that the notice was not sent to the insurance company, then your verdict would have to be for the defendant, insurance company. That is why I said it was an unusual situation. The rest of it is a matter of law.”
The case was tried to the jury on the sole issue of whether the office of the State Insurance Commissioner mailed to appellant on the Commission Form SR-21 information to the effect that the defendant, Atlantic Truck Service, Inc., had certified that it owned and held an automobile liability insurance policy issued by appellant which covered its vehicle and was in force and effect at the time of the collision out, of which plaintiffs’ cause of action arose and, if so, whether appellant insurance company responded to the notice as provided by Section 324.091 of the Financial Responsibility Law of this state which is as follows:
“Each owner and operator involved in an accident or conviction case within the purview of this chapter shall furnish evidence of automobile liability insurance, motor vehicle liability insurance, or surety bond within thirty days from the date of the mailing of notice of accident by the commissioner in such form and manner as he may designate. Upon receipt of evidence that an automobile liability policy, motor vehicle liability policy, or surety bond was in effect at the time of the accident or conviction case, the commissioner shall forward by *81 United States mail, postage prepaid, to the insurer or surety insurer a copy of such information and shall assume that such policy or bond was in effect unless the insurer or surety insurer shall notify the commissioner otherwise within twenty days from the mailing of the notice to the insurer or surety insurer; provided that if the commissioner shall later ascertain that an automobile liability policy, motor vehicle liability policy, or surety bond was not in effect and did not provide coverage for both the owner and the operator, he shall at such time take such action as he is otherwise authorized to do under this chapter. Proof of mailing to insurer or surety insurer may be made by the commissioner or any employee of his office by naming the insurer or surety insurer to whom such mailing was made and specifying the time, place and manner of mailing.”[1]
At the conclusion of the trial the jury rendered its verdict in favor of appellees and against appellant garnishee on the issue submitted to it for decision.
Based upon the jury verdict, and without any further proof, the trial court rendered judgment in favor of appellees for the full amount of appellees’ judgment against Atlantic, plus interest and costs.
From the foregoing it affirmatively appears that the sole issue framed by the pleadings in the garnishment proceeding was whether there was in force and effect at the time plaintiff was injured a policy of liability insurance issued by the garnishee, Phoenix, covering the vehicle owned by Atlantic which caused the damages alleged in plaintiffs’ suit. This issue, however, was not submitted to the jury for its decision. Instead, the trial court apparently concluded as a matter of law that if after the collision out of which plaintiffs’ cause of action arose, the Insurance Commissioner sent to the garnishee, Phoenix, a Form SR-21 reflecting a certification by Atlantic that it held a policy of insurance issued by Phoenix on its vehicle, and if Phoenix did not respond to that form by denying liability, then Phoenix was conclusively estopped as a matter of law from denying that it had in fact issued the policy described in the notice and that it was in full force and effect and covered the vehicle which caused the collision resulting in plaintiffs’ damages. With this construction of the statute, we are unable to agree.
F.S. Chapter 324, F.S.A., the Financial Responsibility Law of this state, was enacted for the purpose of promoting highway safety and providing financial security by such owners and operators of vehicles whose responsibility it is to recompense others for injury to person or property caused by the operation of their vehicles. It also provides for the reporting of vehicular accidents by all law enforcement agencies and sets forth the mechanics by which those involved in such accidents must show proof of financial ability to respond for damages in future accidents as a requisite to his further exercise of the privilege of using the roads and highways of this state.[2] Persons reported to have been involved in a vehicular accident are so notified by the Insurance Commissioner and are thereafter required to prove their financial responsibility by, among other things, furnishing satisfactory evidence that they hold a motor vehicle liability insurance policy.[3] Upon the receipt of such proof the Insurance Commissioner is required to forward by United States mail to the insurance company named in the proof furnished by the person involved in the accident a Commission Form SR-21 in which the insurance company is advised that the offending motorist has certified that he holds a policy of liability insurance issued by that company. If the insurance *82 company does not notify the Commissioner otherwise within twenty days from the mailing of the notice to it, then the Commissioner shall assume that the insurance policy described in its Form SR-21 was in effect at the time of the accident. The pertinent portion of the statute applicable to the issue in this case is as follows:
“ * * * Upon receipt of evidence that an automobile liability policy, motor vehicle liability policy, or surety bond was in effect at the time of the accident * * *, the commissioner shall forward by United States mail, postage prepaid, to the insurer or surety insurer a copy of such information and shall assume that such policy or bond was in effect unless the insurer or surety insurer shall notify the commissioner otherwise within twenty days from the mailing of the notice to the insurer or surety insurer; provided that if the commissioner shall later ascertain that an automobile liability policy * * * was not in effect and did not provide coverage for both the owner and the operator, he shall at such time take such action as he is otherwise authorized to do under this chapter. * * * ” [4]
It seems clear to us that the above provision of the statute is intended to and has the effect only of providing the mechanics by which the Insurance Commissioner may determine whether a person involved in a vehicular accident was at the time thereof insured by an automobile liability insurance policy. If such a person certifies that at the time of the accident he did hold such an insurance policy, giving the name of the carrier and other information concerning the insurance coverage, this information is promptly conveyed to the carrier on what is known as Commission Form SR-21. If such a form is mailed to the carrier and no response is received from it, the Commissioner is authorized to assume that the person involved in the accident correctly certified the existence of insurance coverage held by him, in which event no further action on the part of the Commissioner is required insofar as proof of financial responsibility is concerned. If, however, the insurance company disclaims coverage, or the Commissioner shall later otherwise ascertain that no such policy of automobile liability insurance was in effect at the time of the accident in question, then the Commissioner is required to take such other action as is authorized under the chapter. Such other action mentioned in the statute involves the suspension of the driver’s license of the operator and the registration of the vehicle which was involved in the accident, which suspension shall continue in effect until such time as the requirements of the statute with respect to financial responsibility are met. There is nothing in the statute which either directly or by inference provides that any insurance company to whom a Form SR-21 is mailed by the office of the Insurance Commissioner and who fails to respond thereto is conclusively presumed to have issued the insurance policy mentioned in the form and is irrebuttably estopped as a matter of law from denying coverage. In holding to the contrary in the case sub judice, the trial court erred.
In support of the judgment appealed, appellees rely upon the decision rendered by the Second District Court of Appeal in American Mutual Fire Insurance Company v. Illingworth.[5] Because of the difference in the statute there construed, the issues framed by the pleadings, and the facts established by the evidence, we do not consider that the Illingworth case is either persuasive or controlling.
In Illingworth a judgment creditor in a tort action sought by garnishment proceedings to require a named insurance company to pay the amount of the judgment secured against its insured. It was agreed that the *83 garnishee insurance company had issued a policy of automobile liability insurance to the defendant in the tort action, which policy was in force and effect at the time of the collision out of which the plaintiff’s cause of action arose. The existence of the insurance policy was not an issue there as it is in the case sub judice. In Illing-worth the insurance policy in question covered the vehicle owned by the wife who was named as insured in the policy but contained an exclusionary endorsement which disclaimed any liability under the policy in the event any claim arose out of the operation of the vehicle while being operated by the wife’s husband. The collision involved in that case occurred while the vehicle was in fact being operated by the husband, because of which the insurance company disclaimed liability.
After the collision occurred and a report thereof was made to the insurance department, the Insurance Commissioner mailed to the insurance company a Form SR-21 in which it was certified that the vehicle involved in the accident was covered by the company’s insurance policy. The Insurance Commissioner had theretofore advised the company that if it did not respond to the Form SR-21 within thirty days from receipt thereof, coverage relative to the reported accident would be deemed to have been in effect. The company did not respond to the Form SR-21 at any time after its receipt but stood on its position that it was not liable under the exclusionary rider attached to the policy concerning operation of the vehicle by the husband. In that case the lower court sitting as a trier of both the facts and the law held on the basis of the evidence adduced during the trial that the insurance company was estopped from denying liability under the circumstances. This holding was affirmed by the appellate court on appeal.
The statute then in effect and applicable in the Illingworth case affirmatively required the insurance company, within ten days after notice of an accident involving any of its insureds, to give notice to the Commissioner that the policy was in effect at the time of the accident.[6] Our present statute contains no such requirement. So it is seen in the Illingworth case that existence of an insurance policy issued by the garnishee was admitted; that receipt of the Form SR-21 by the insurance company after the accident occurred was admitted; that notice to the insurance company that unless it responded to the Form SR-21 after its receipt, it would be presumed that the policy certified as having been issued by it had in fact been issued and was in force and effect was admitted; that the insurance company failed to comply with the requirements of the then existing statute by notifying the Commissioner within ten days after receipt of the Form SR-21 that it disclaimed liability under the policy was also admitted. In actuality, the only issue involved in the Illingworth case was whether or not the exclusionary rider attached to the policy which disclaimed liability in the event the insured vehicle was operated by the insured’s husband was sufficiently effective as a matter of law to relieve the insurance company from liability. The trial court answered in the negative on two separate grounds. It found that under the peculiar circumstances of that case, when considered in light of the statute then in effect, the insurance company was estopped from disclaiming liability on account of the exclusionary rider relied upon by it. The court also found that the exclusionary rider was void as a matter of law because it had not previously been submitted to and approved by the Insurance Commissioner at the time the policy was issued. For all of the foregoing reasons we do not consider that the *84 Illingworth decision is applicable to the facts in the case sub judice or persuasive as to the disposition which should be made of this appeal.
The judgment appealed is reversed and the cause remanded with directions that appellees be permitted to amend their traverse in the garnishment proceedings if they are so advised by affirmatively alleging a defense of estoppel against the garnishee if such defense is deemed to be available and desirable. Based upon the issues then drawn by the pleadings as to whether there was in force and effect at the time of the accident on which the ap-pellees’ judgment is based an automobile liability insurance policy issued by the garnishee covering the damages suffered by appellees, together with any other issues then presented by the pleadings, should be submitted to a jury for its decision. Reversed and remanded.
JOHNSON, C. J., and RAWLS, J., concur.

. F.S. § 324.091(1), F.S.A.

. F.S. § 324.011, F.S.A.; F.S. § 324.051, F.S.A.; Williams v. Newton (Fla.1970), 236 So.2d 98.

. F.S. § 324.031, F.S.A.

. Supra note 1.

. American Mutual Fire Insurance Company v. Illingworth (Fla.App.1968), 213 So.2d 747.

. § 324.091(1), F.S., (1955).
“Each insurer doing business in this state shall, within ten clays after receiving notice of an accident involving any of its insureds under any motor vehicle liability policy or surety bond issued by such insurer, give notice to the commissioner upon such form and in such manner as he may designate, that such policy or bond was in effect at the time of such accident.”