276 So.2d 31 (1973)
AUTO OWNERS INSURANCE COMPANY, Petitioners,
v.
Jennie Bell WEST et al., Respondents.
No. 42407.
Supreme Court of Florida.
April 4, 1973.
Jeanne Heyward, and Knight, Peters, Hoeveler, Pickle, Neimoeller & Flynn, Miami, for petitioners.
Robert Orseck of Podhurst, Orseck & Parks, and Fuller, Brumer, Moss & Cohen, Miami, for respondents.
CARLTON, Chief Justice.
We have jurisdiction of this cause, pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A., because of a direct conflict between the decision sub judice of the District Court of Appeal, Third District, reported at 260 So.2d 534, and Phoenix Insurance Co. v. McQueen, 240 So.2d 79 (1st D.C.A.Fla. 1970).
Jennie Bell West filed an action for damages against the owner of a car with which she was involved in an accident and joined Auto Owners Insurance Co. as a defendant, alleging that Auto Owners at the time of the accident insured the owner of the car for the damages she was claiming. Auto Owners denied that its insurance policy covered the car involved.
Both parties moved for summary judgment on the issue of coverage. The trial *32 court granted the motion of Jennie Bell West, finding "that the defendant's failure to respond to the SR-21 notice estops defendant insurer from denying coverage."
The SR-21 notice referred to is a self-serving form notice used by car owners involved in accidents to notify the Financial Responsibility Division of insurance coverage. One of these forms was filed in this case by the co-defendant car owner, claiming that the car was insured by Auto Owners. Fla. Stat. § 324.091, F.S.A., a part of our Financial Responsibility Law, provides that when such a form is received by the Insurance Department a copy of it shall be mailed to the alleged insurer and that the Department "shall assume" that coverage is in effect unless the insurer responds to the contrary within twenty days. The statute also provides that if evidence of noncoverage is received even after this twenty-day period, the Department may take such action as is otherwise authorized under that chapter.
The trial court's finding of an estoppel based on a failure to respond to an SR-21 is directly contrary to the decision in Phoenix Insurance Co. v. McQueen, supra, wherein it was held that such a failure to respond does not amount to an estoppel. In Phoenix, the court, in reference to Fla. Stat. § 324.091, F.S.A., said:
"... There is nothing in the statute which either directly or by inference provides that any insurance company to whom a Form SR-21 is mailed by the office of the Insurance Commissioner and who fails to respond thereto is conclusively presumed to have issued the insurance policy mentioned in the form and is irrebuttably estopped as a matter of law from denying coverage... ." 240 So.2d 82.
By affirming the trial court in the case sub judice, the Third District Court has created a direct conflict with Phoenix, despite its citation to Phoenix as authority for its decision. As pointed out by Judge Pearson in his dissent, Phoenix would have required a reversal, and we are of the opinion that a reversal would have been proper.
We find it difficult to conclude that Fla. Stat. § 324.091, F.S.A., was intended to control anything other than the internal operations of the Financial Responsibility Division. We also cannot see how the "assumption" of coverage provided for by the statute would amount to an irrebuttable presumption of coverage even within the statute's proper sphere of applicability. We find no basis, in the statute or otherwise, for estopping an insurer from denying coverage merely because of a failure to respond to an SR-21.
The decision of the District Court affirming the summary judgment is therefore quashed. The District Court is ordered to remand this cause to the trial court with directions to reconsider the motions for summary judgment, disregarding the estoppel basis of its first order.
It is so ordered.
ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.