286 So.2d 570 (1973)
The PHOENIX INSURANCE COMPANY, Appellant,
v.
Cheri Ann McQUEEN, a Minor, by Her Next Friend and Mother, Virginia McQueen, Appellee.
No. R-356.
District Court of Appeal of Florida, First District.
November 20, 1973.
Rehearing Denied January 8, 1974.
Harry T. Gray, Francis P. Conroy and H. Franklin Perritt, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
James C. Handly, Jr., of Handly & Barnes, Jacksonville, for appellees.
WIGGINTON, Judge.
Appellant garnishee seeks review of a final judgment based upon a jury verdict rendered in favor of appellee. It is contended that appellee failed to adduce at the trial any competent or substantial evidence to support the issues made by the pleadings and for that reason the trial court erred in denying its motion for directed verdict *571 made at the close of the evidence and its post-trial motion for judgment notwithstanding the verdict.
The history of this litigation is rather involved and extends over a long period of time. Cheri Ann McQueen, a minor, was injured through the negligent operation of a motor vehicle owned by Atlantic Truck Service, Inc. Cheri Ann's mother, Virginia McQueen, contacted Atlantic Truck shortly after the accident and was advised by an official of that company that it carried no automobile liability insurance on the vehicle which caused plaintiff's injuries. She thereafter engaged the services of an attorney to bring an action for the recovery of the damages suffered by her minor daughter, Cheri Ann. After the case was placed in the hands of her attorney, a person purporting to be an employee of an insurance adjustment organization contacted her and indicated a desire to discuss her daughter's injuries looking to a settlement of her claim. Virginia McQueen was unable to verify the fact that this person was actually employed by an insurance adjustment organization or that he represented any insurance company, and she never heard from him again.
Appellee thereafter filed a complaint in the Circuit Court of Duval County against Atlantic Truck and Rapid Freight Consolidators, Inc. By her complaint appellee alleged that Cheri Ann McQueen suffered injuries as a result of the negligent operation of a motor vehicle by defendant, Atlantic Truck, and that an agency relationship existed between Rapid Freight and Atlantic Truck at the time the accident occurred. Appellant, Phoenix Insurance Company, had theretofore issued to Rapid Freight its automobile liability insurance policy covering its fleet of motor vehicles and therefore undertook the defense of the action brought against its insured. Appellant's attorney notified appellee's attorney as well as the codefendant, Atlantic Truck, that no liability policy had been issued by appellant to Atlantic Truck, and that it was not liable for any damages caused by the negligent operation of Atlantic Truck's vehicle. The attorney representing appellant agreed, however, to defend the action on behalf of Atlantic Truck Service as well as its insured, Rapid Freight, but did so only after serving notice that appellant was not liable for any damages caused by Atlantic Truck Service and would not pay any judgment that might be rendered against it. At the conclusion of the trial of this case, the court granted a directed verdict in favor of Rapid Freight, thereby resolving against appellee the issue of whether an agency relationship existed between Rapid Freight and Atlantic Truck which would make Rapid Freight and its insurer liable for any damages caused by Atlantic Truck. No appeal from this directed verdict was taken, and the judgment thereupon became final. The jury rendered its verdict in favor of appellee against Atlantic Truck Service on her claim for damages, and judgment was duly rendered thereon.
Appellee thereafter instituted this action in garnishment against appellant seeking to recover the amount of the judgment awarded her in her action against Atlantic Truck. This action is predicated upon two separate theories of law. Firstly, appellee alleges that appellant had issued an automobile liability insurance policy covering the truck operated by Atlantic Truck Service, which policy was in effect at the time Atlantic Truck caused the injuries sustained by appellee which resulted in the judgment obtained by her. It is on the theory of insurance coverage by appellant that appellee seeks reimbursement and payment of her judgment. Secondly, appellee alleges that because of the facts and circumstances of this case and the actions taken by appellant, it is estopped to deny its liability for insurance coverage on the vehicle operated by Atlantic Truck and should therefore be required to pay the judgment rendered in appellee's favor.
On the first trial of this garnishment proceeding the trial court submitted to the *572 jury for its determination an erroneous issue which resulted in a judgment in favor of appellee. On appeal to this court that judgment was reversed and the cause remanded for further proceedings consistent with the court's opinion.[1] The case was again tried on the issues raised by the original pleadings, which trial resulted in another judgment in favor of appellee. It is from that judgment that this appeal is taken.
It is first contended by appellant that the record is devoid of any competent or substantial evidence from which the jury could have reasonably concluded that appellant had issued a policy of automobile liability insurance either to Rapid Freight or to Atlantic Truck Service under which it could be held legally liable for the damages suffered by appellee. With this position we must agree. The only insurance policy issued by appellant was to Rapid Freight covering the vehicles owned and operated by it. It was appellee's theory that at the time of the accident caused by the negligent operation of Atlantic Truck's vehicle, the latter was acting in some agency relationship with Rapid Freight and was therefore covered by the insurance policy issued by appellant to that company. This issue was resolved against appellee on the first trial of this case when the court directed a verdict in favor of Rapid Freight, thereby exonerating it from any liability and which judgment became final and res judicata of the issue. The trial court erred in its refusal to direct a verdict in favor of appellant on this issue before submission of the case to the jury.
We then turn to the question of whether the evidence is sufficient to establish the defense of estoppel on which appellee relied in order to prove insurance coverage by appellant for which it is liable. It is a basic principle of law recognized in this state that estoppel is an affirmative defense which must be pleaded and proved before relief may be granted. The essential elements of the defense of estoppel are that a representation of some material fact must have been made by the party estopped to the party claiming estoppel, which representation is contrary to the condition of affairs later asserted by the estopped party; the party claiming estoppel must have relied upon such representations and, because of such reliance, changed his position to his detriment.[2]
The only evidence concerning the issue of estoppel which we find in the record before us, or which has been called to our attention by counsel for the parties, may be summarized as follows. Within one month from the date of the accident resulting in the injuries to Cheri Ann McQueen, and within one week after her case was placed in the hands of an attorney, some person contacted appellee, Virginia McQueen, and indicated a desire to talk to her about Cheri Ann's claim. Such person was shown to be an employee of an insurance adjustment organization operating in Duval County. No further contacts by this or any other person purporting to act for appellant were made directly or indirectly with Virginia McQueen or anyone acting in her behalf. Not only was Virginia McQueen told by Atlantic Truck that it carried no liability insurance on its vehicle, but appellant's attorney notified both Atlantic Truck and appellee's attorney that it had no insurance coverage on Atlantic Truck's vehicle. While it is true that appellant's attorney defended the action brought by appellee against both Atlantic Truck and Rapid Freight, its insured client, such representation was made after due notice by appellant that such defense was being made only as a matter of courtesy and liability for any damages caused by Atlantic Truck or any judgment which *573 might be rendered against it was specifically disclaimed.
It is appellee's position that she was led to believe, by the person who contacted her prior to the time suit was filed and who suggested a settlement conference, that liability insurance coverage did in fact exist which would be answerable for the damages which Cheri Ann suffered. She contends that this assumption on her part was strengthened by the fact that appellant's attorney defended the action against Atlantic Truck both in the trial court and in the appellate court, thereby confirming her belief that insurance coverage issued by appellant did exist. Appellee asserts that as a result of such assumptions on her part, she failed to attempt any attachment against money or property which may have been owned by Atlantic Truck at the time she secured her judgment against that company after the first trial of this case. The record is clear, however, that nothing was done by appellant or Atlantic Truck to prevent the institution of such attachment proceedings had appellee cared to follow this course of action. It is upon the foregoing facts that appellee relies for proof of her defense of estoppel.
We have carefully considered all evidence called to our attention by appellee which she contends supports the judgment appealed but are unable to agree that it measures up to the standard necessary to establish the defense of estoppel. Regardless of the assumptions in which appellee indulged, it cannot in fairness be said that appellant is responsible for an unauthorized contact made by some unknown person with appellee shortly after the accident occurred in which a settlement conference was suggested. Even if such person was employed by an insurance adjustment organization, the record is devoid of any evidence to indicate that such organization was authorized or employed by appellant to attempt to negotiate a settlement of appellee's claim. Furthermore, appellant would have been guilty of bad faith had it not employed counsel to represent its insured, Rapid Freight, when that client was joined as a party defendant with Atlantic Truck in the personal injury action out of which appellee's judgment arose. There was nothing unusual nor iniquitous about appellant's offer to also represent Atlantic Truck in defense of the action, and, in light of the other circumstances shown by the record, no inferences of liability can logically be drawn against it for taking such action. Certainly it cannot be reasonably contended that appellee had any right to rely on impressions gained by her from her conversation with the unknown caller who contacted her before suit was filed, or on appellant's retention of counsel to represent its insured in the original trial of this case, as assurance of the fact that appellant was legally responsible for the damages caused by Atlantic Truck in the negligent operation of its vehicle. There is no showing by any evidence in the record that appellee changed her position to her detriment in reliance on any representations made by appellant that it had issued insurance coverage for the Atlantic Truck vehicle and was therefore legally responsible for the damages caused by it.
It is our view that appellee has wholly failed to carry her burden of proof by any competent evidence on the issues made by the pleadings filed in this proceeding. The court should have withdrawn the case from the jury and granted appellant's motion for directed verdict made at the close of the evidence. Because of the court's error in failing to do so, the judgment appealed herein is reversed and the cause remanded with directions that judgment be rendered in favor of appellant.
Reversed.
RAWLS, C.J., and DREW, Associate Judge, concur.
NOTES
[1] Phoenix Insurance Company v. McQueen, (Fla.App. 1970) 240 So.2d 79.
[2] Greenhut Construction Company v. Knott, (Fla.App. 1971) 247 So.2d 517;

Quality Shell Homes & Supply Company v. Roley, (Fla.App. 1966) 186 So.2d 837.