DANIEL, Judge.
Mid-Florida Pools and Repairs, Inc. unsuccessfully sued Royce H. Coe and Freda Coe to foreclose a mechanic’s lien on the Coes’ property. The final judgment entered after a nonjury trial discharged Mid-Florida’s claim of lien and awarded the Coes costs and attorney’s fees. We affirm.
Mid-Florida, a subcontractor, provided labor and materials for the construction of the Coes’ swimming pool. After receiving a notice to owner from Mid-Florida, Royce Coe spoke to Mid-Florida’s president, Fred Haggerstrom. Coe told Haggerstrom that he was planning to settle with the contractor and asked what he should do in light of the notice. Haggerstrom assured Coe that there was no problem and that the contractor was always good for his money. The Coes settled with the contractor who admitted at trial that he provided them with a false contractor’s final affidavit and never paid Mid-Florida the $3,623.80 it was owed. Haggerstrom conceded that he knew the contractor had financial problems, but that he did not tell the Coes because he tried to protect customers from knowledge that the person building their pool had money problems.
In order to apply the defense of estoppel, a representation of a material fact must have been made contrary to the state of affairs later asserted by the party making the representation. The party seeking es-toppel must have relied on the representation and changed his position to his detriment. Phoenix Insurance Company v. McQueen, 286 So.2d 570 (Fla. 1st DCA 1973). Estoppel has been applied to bar enforcement of liens. See Lehman v. Snyder, 84 So.2d 312 (Fla.1955); Continental Casualty Company v. Associated Plastics, Inc., 347 So.2d 822 (Fla. 3d DCA 1977).
Haggerstrom’s conversation with Coe provides a basis for the trial court’s decision. Haggerstrom’s statement that it was all right for the owners to settle with the contractor was a representation that there was no reason to settle directly with Mid-Florida in spite of the statutory mechanic’s lien procedures to protect subcontractors. Mid-Florida now asserts that it was not all right. However, the Coes changed their position in reliance on Haggerstrom’s representation by paying the contractor directly. Mid-Florida is now estopped from foreclosure of the lien on the Coes’ property *473 and from forcing them to pay twice for the construction of their swimming pool.
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.