DIMITROULEAS, WILLIAM P., Associate Judge.
Appellant, Daniel E. Young, appeals a final judgment enforcing a mechanic’s lien against his residence. The final judgment is based upon specific findings of fact and conclusions of law following a non-jury trial. While we may not agree with the trial judge’s findings of fact, he is the one who observed the testimony, and absent an abuse of discretion, those findings should not be disturbed on appeal. Finding no abuse of discretion, we affirm.
Young decided to build a home on property he owned in Manalapan. After having problems with a contractor, he decided to take over the responsibility of building the home. Young entered into an oral contract with Rudy Zamora to supply roof tiles, and he paid for the tiles. Zamora delivered tiles that were rejected by the building inspector. As a result, Zamora agreed to buy back the tiles from Young. After issuing three different worthless checks to Young, Zamora contacted appellee G & S, about supplying the tiles. G & S delivered the tiles and an invoice. Young called G & S about the bill, and Young testified that he was told that the invoice represented the difference between the total amount due and what Zamora owed him. G & S denied ever saying that they were willing to look solely to Zamora for payment of the difference, and they filed a mechanic’s lien upon Young’s failure to pay the difference. Young argues that G & S waived their right to relief under the mechanic’s lien law because they agreed to look to Zamora for payment. A question of fact existed as to whether there was a waiver. Brown v. Powell, 531 So.2d 731 (Fla. 4th DCA 1988). We cannot say that the trial court abused its discretion by factually finding no waiver.
Additionally, we find no error in the trial court’s failure to find that Young had relied to his detriment so that an estoppel would apply. See Mid-Florida Pools & Repairs, Inc. v. Coe, 530 So.2d 472 (Fla. 5th DCA 1988).
AFFIRMED.
WARNER and POLEN, JJ., concur.