NESBITT, Judge.
This is a consolidated appeal from multiple final judgments entered by the trial court which determined that appellant, State Farm Mutual Insurance Company (State Farm), rather than appellee, American Hardware Mutual Insurance Company (American Hardware), afforded primary coverage on a rental vehicle being operated by appellant, Penny Lynn Maddox. We disagree with the determination of the trial court and reverse.
On June 26, 1973, appellant, Penny Lynn Maddox requested appellant, Hallett Pontiac, Inc. (Hallett), to repair her automobile. The repairs were extensive and would take a number of days to complete. Maddox could not be without transportation and so informed Hallett. Hallett, in turn, advised Maddox to rent a car through their satellite rental company, appellant, Day Car, Inc. (Day Car). Day Car refused to rent to Maddox because she was nineteen years old. Day Car advised Maddox it would rent to someone on her behalf. Maddox’ married sister, appellant, Pat Catalano, accommodated her and signed the rental agreement. All parties knew that Catalano signed as an accommodation and that Maddox would be the sole driver of the vehicle. Maddox was involved in an accident while driving the rented car. Appellants, Perez and three minors, whose surnames are Mendoza, Leon and Contreras, were injured in the accident.
Perez commenced an action against Maddox and her insurer, State Farm, as well as against Hallett and Day Car and their insurer, American Hardware. Similar actions were also filed on behalf of the minors. Maddox and State Farm filed counterclaims against American Hardware alleging that American Hardware provided primary coverage to Maddox. Ultimately, the issues of insurance coverage were severed and resolved by non-jury trial. The trial judge held that no coverage was to be provided by American Hardware under the equipment dealers’ policy or the “garage liability” bodily injury and property damage section issued to Hallett. That section included coverage for vehicles rented to customers while the customer’s vehicle was left for repair. The trial court held State Farm, rather than American Hardware, primarily responsible for coverage for the accident upon its finding that: (1) Maddox brought a motor *181 vehicle to Hallett for repair work; (2) Pat Catalano, a married sister of Penny Lynn Maddox, rented the vehicle involved in the accident; (3) Day Car knew Maddox would be using the rental vehicle; (4) the American Hardware policy extended coverage only to rental vehicles rented to a customer of the insured “while such customer’s vehicle is temporarily left for service, repair or sale”; (5) Catalano was not such a customer nor did she have any ownership interest in the car left by Maddox; and (6) Catalano was the actual lessee of the rental vehicle but was not acting as an agent for Maddox. Appellants contend that Catalano was simply Maddox’ agent and American Hardware should therefore have afforded coverage.
We will not undertake to pierce the trial court’s evaluation of the facts, in that liability coverage may, from the undisputed foundation of facts presented, be determined as a matter of law.
The American Hardware policy contained an “escape” clause which attempted to negate coverage to the extent that “there is other valid and collectible insurance . sufficient to pay damages up to the financial responsibility limit.” The insurance policy issued by State Farm to Maddox also contained an “escape” clause in connection with non-owned vehicles or temporary substitute automobiles.
At the outset, we note that the law in Florida is clear that when multiple or overlapping insurance coverage is provided, but mutual non-covering “escape” clauses are present, as in the instant case, such clauses, being mutually repugnant, are nugatory. State Farm Mutual Automobile Insurance Company v. Universal Underwriters Insurance Company, 365 So.2d 778 (Fla. 1st DCA 1978); World Rent-A-Car, Inc. v. Stauffer, 306 So.2d 131 (Fla. 2d DCA 1974).
It is settled in this jurisdiction that an owner’s insurance policy under Section 324.151(1)(a), Florida Statutes (1973) covers the owner as well as “any other person as operator using such motor vehicle . with the express or implied permission of such owner, against loss from the liability imposed by law for damages arising out of . use of such motor vehicle.” Coverage provided to the owner also applies to the owner’s lessee as well as lessee’s bailee or permittee and cannot be varied by unilateral agreement.[1] Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977); Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla.1972); Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959); Lehman-Eastern Auto Rental, Inc. v. Brooks, 370 So.2d 14 (Fla. 3d DCA 1979); and State Farm Mutual Insurance Company v. Universal Underwriters Insurance Company, supra.
These principles of financial responsibility, grounded upon public policy and the dangerous instrumentality doctrine, do not bear on the allocation of risks between owners and operators of motor vehicles in excess of the minimum statutory coverage or the right of indemnification which derives from the common law principle that fault attracts primary responsibility, Insurance Company of North America v. Avis Rent-A-Car System, Inc., supra.
There is merit to appellant’s argument that Hallett and Day Car put Maddox “in the driver’s seat” and their insurer cannot escape primary responsibility therefor.
Under the foregoing principles of law and the authorities cited, it is clear that American Hardware afforded primary coverage up to the minimum statutory requirements in effect at the time of the subject acci *182 dent[2] and that State Farm is responsible for any excess up to its policy limits.
Reversed.
PEARSON, TILLMAN, Associate Judge, dissents.

. The question of primary coverage for rental vehicles has subsequently' been directly addressed by Section 627.7263, Florida Statutes (Supp.1976). This cause of action is not affected by the statute in that it arose prior to July 1, 1976, the date the statute was enacted. Ch. 76-56, Laws of Fla. Section 627.7263 has been modified by section 29 of Chapter 77-468, Laws of Florida, to reflect the case law cited herein. It will remain in effect until July 1, 1982, the date of its repeal, unless further mod *182 ified by the Legislature. Ch. 76-168, Laws of Fla.

. § 324.021(7), Fla.Stat. (1973) Proof of Financial Responsibility. Minimum liability coverage at the time of the accident was to be provided in the amount of $10,000 per person and $20,000 per occurrence.