390 So.2d 105 (1980)
Milton OGUR and Colonial Penn Insurance Company, Appellants,
v.
Mollie MOGEL et al., Appellees.
No. 80-1641.
District Court of Appeal of Florida, Third District.
November 4, 1980.
As Amended On Denial of Rehearing December 12, 1980.
*106 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellants.
Daniels & Hicks and Sam Daniels, Miami, Richard E. Hardwick, Coral Gables, Greene & Cooper, Preddy, Kutner & Hardy and Michael Parenti, Frates, Floyd, Pearson, Stewart, Richman & Greer and Andrew J. Mirabito, Robert A. Ginsburg and Thomas Goldstein, Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz and Arnold Hessen, Stanley M. Rosenblatt and Edward B. Greene, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
Mollie Mogel, a pedestrian injured when a rental vehicle and another car collided, sued, inter alia, the operator, lessee and owner of the rental vehicle, and their respective insurers. These defendants filed cross-claims for indemnity against one another and, thereafter, cross-motions for summary judgment seeking, inter alia, a determination of the order in which the insurance coverage would be applied were Mogel ultimately to prevail in her suit. The trial court entered a Summary Judgment Regarding Insurance Coverage, finding that the insurers of the operator, lessee and owner, would, successively, be liable to the extent of their respective policy limits.[1]
Ogur and Colonial Penn Insurance Company (the lessee and his insurer) took this interlocutory appeal, which the operator, the owner and their insurers have moved to dismiss.
We dismiss the appeal upon a holding that (1) Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), the purported authority for this appeal, gives us jurisdiction of an interlocutory appeal only from non-final orders which determine "the issue of liability in favor of a party seeking affirmative relief"; (2) the trial court's order, setting forth the future indemnity rights of the defendants and the sequence in which the defendants would be responsible to pay any judgment in favor of Mogel, (a) did not determine an "issue of liability," since the liability of any of these defendants was necessarily inchoate prior to such a judgment, cf. American Heritage Institutional Securities, Inc. v. Price, 379 So.2d 420 (Fla. 5th DCA 1980) [holding that a determination by the trial court that a suit can appropriately be brought as a class action merely "allows the cause to proceed towards a potential liability as yet undetermined" and is not an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)], and (b) was not a ruling on motions which sought "affirmative relief," see Rhein v. Rhein, 244 Minn. 260, 69 N.W.2d 657 (1955) ("affirmative relief" is that for which defendant might maintain an action entirely independent of plaintiff's claim and which he might proceed to establish and recover even if plaintiff abandoned his cause of action or failed to establish it); Simpson v. Superior Court In and For Los Angeles County, 68 Cal. App.2d 821, 158 P.2d 46 (Cal. App.2d Dist. 1945) (affirmative relief does not include mere defensive matter, but means the allegation of new matter which amounts to a counterattack); compare York Insurance Company v. Becker, 364 So.2d 858 (Fla. 2d DCA 1978); (3) the result is unaffected by cases decided under former Florida Appellate Rule 4.2a (1962), which authorized an interlocutory appeal from a partial summary judgment on the issue of liability without regard to whether the issue was decided "in favor of a party seeking affirmative relief," see, e.g., Jerome Naglebusch, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977).
Appeal dismissed.
NOTES
[1] Liberty Mutual Insurance Company, which insured the operator, was to be primarily liable to the extent of its coverage of $50,000; Colonial Penn Insurance Company, which insured the lessee, was to be secondarily liable to the extent of its coverage of $100,000; American Southern Insurance Company and Alliance Insurance Company, which insured the owner rental car agency, were to provide the third and fourth layers of coverage to the extent of $50,000 and $450,000, respectively.