392 So.2d 44 (1980)
GALLAHAD ASSOCIATES d/b/a Gallahad South and Cherokee Insurance Company, Inc., Etc., Appellants,
v.
Andrea ROSE et al., Appellee.
No. 80-33.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
*45 Robert A. Glassman and Law Offices of Leland E. Stansell, Jr., P.A., Miami, for appellants.
Jeffrey P. Swayman of Kaplan & Jaffe, P.A., Hollywood, for appellee.
DOWNEY, Judge.
This is an appeal by Cherokee Insurance Company, Inc., and Gallahad Associates from a final order[1] in which the trial court ruled that all insurance coverage provided by Cherokee to Gallahad applied to any negligent acts of defendant Ines Reidi involving plaintiff/appellee Andrea Rose. The court based that ruling on its finding that Reidi, Gallahad's employee, was acting within the course and scope of his employment when he injured appellee. The coverage issue was severed from the primary personal injury action by Andrea Rose and Hildegarde Rose against Reidi, Gallahad and Cherokee.
Appellant Gallahad is the owner of an apartment complex. Gallahad employed Reidi as a pool boy, whose duties included keeping the pool area clean, checking the pool water chemicals, vacuuming the pool, and providing towels and umbrellas for the apartment tenants. On the day in question he was in the shallow end of the pool "fooling around" with Andrea Rose. As a result, Andrea hit the bottom and chipped several teeth. There was evidence that the management allowed pool attendants to use the pool to cool off during the warm weather and that on many occasions Ines Reidi would play with children in the pool. This was known by both Ines's father, under whom he worked, and by the Gallahad management.
As the Supreme Court of Florida said in Western Union Telegraph Co. v. Michel, 120 Fla. 511, 163 So. 86 (1935), an employer is liable for torts committed by his servant in a slight deviation or departure from his business unless the deviation or departure amounts to an abandonment of the master's business. See also: Orr v. Avon Florida Citrus Corporation, 130 Fla. 306, 177 So. 612 (1937); Collazo v. John W. Campbell Farms, 213 F.2d 255 (5th Cir.1954).
Our study of the record convinces us that there was competent substantial evidence in the record to support the trial judge's findings as to insurance coverage and Ines Reidi's scope of employment. Accordingly, the order appealed from is affirmed.
AFFIRMED.
LETTS, C.J., and ANSTEAD, J., concur.
NOTES
[1] State Farm Mutual Auto Ins. Co. v. American Hardware, 345 So.2d 726 (Fla. 1977). Contra: Ogur v. Mogel, 390 So.2d 105 (Fla. 3rd DCA 1980).