404 So.2d 131 (1981)
ALAMO RENT-a-CAR, INC., and American Southern Insurance Company, Appellants,
v.
Thomas F. SUMMERS et al., Appellees.
No. 80-1634.
District Court of Appeal of Florida, Second District.
April 22, 1981.
Peter H. Dubbeld of Watson, Goldstein & Douglass, P.A., St. Petersburg, for appellants.
Mark E. Hungate of Fowler, White Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees Barbara Bennett and Wanda Wallack.

ON MOTION TO DISMISS APPEAL FROM NONFINAL ORDER
GRIMES, Judge.
Summers was involved in an accident with an automobile owned by Alamo Rent-A-Car and leased to Bennett, its driver. After Summers brought suit for damages against them, Bennett and Alamo joined issue with respect to whose carrier had the primary coverage and whose carrier had the secondary coverage. On motion for summary judgment, the court determined that Alamo's carrier was primary. Alamo and its carrier are now endeavoring to appeal that order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) which reads as follows:
(3) Review of non-final orders of lower tribunals is limited to those which ... determine ... the issue of liability in favor of a party seeking affirmative relief.
The case of Ogur v. Mogel, 390 So.2d 105 (Fla.3d DCA 1980), is directly on point. The court in Ogur held that a similar order was not an appealable nonfinal order under rule 9.130(a)(3)(C)(iv) because it did not determine an "issue of liability" and was not a *132 ruling on a motion which sought "affirmative relief."
In holding that the order did not determine an issue of liability, the court reasoned that the liability of the defendants was inchoate prior to judgment. A reasonable argument could be made for this position except for the fact that it flies in the face of numerous other court decisions. In Travelers Insurance Co. v. Wilson, 261 So.2d 545 (Fla. 4th DCA 1972), the court specifically rejected the contention that a codefendant could not take an interlocutory appeal from a partial summary judgment on the issue of liability because the determination of coverage did not at that point carry with it the obligation to pay. Accord, Auto Owners Insurance Co. v. West, 260 So.2d 534 (Fla.3d DCA 1972), rev'd on other grounds, 276 So.2d 31 (Fla. 1973). While these cases were decided under former Florida Appellate Rule 4.2(a),[1] the current rule carries forward the same language insofar as it refers to decisions on "liability." Moreover, three courts, including the Third District Court of Appeal, have already entertained appeals from nonfinal orders determining insurance coverage under the new rule. Fidelity & Casualty Co. of New York v. Scott, 386 So.2d 315 (Fla. 1st DCA 1980); State Farm Automobile Insurance Co. v. Kraver, 364 So.2d 1259 (Fla.3d DCA 1978); York Insurance Co. v. Becker, 364 So.2d 858 (Fla.2d DCA 1978).
The second ground given by the court in Ogur for dismissing the appeal charts new ground because it construes for the first time the language added to rule 9.130(a)(3)(C)(iv) pertaining to an order entered "in favor of a party seeking affirmative relief." The court reasoned that where the judge entered the order upon the motion of a codefendant, this did not constitute the obtaining of affirmative relief.[2] We are inclined otherwise. As between defendants, there was a claim for affirmative relief. See Simon Hardware Co. v. Pacific Tire & Rubber Co., 199 Cal. App.2d 616, 19 Cal. Rptr. 12 (1962); Sattinger v. Newbauer, 123 Cal. App.2d 365, 266 P.2d 586 (1954). In the present case, Bennett has successfully prosecuted her affirmative claim that Alamo's carrier has the primary coverage.[3] Therefore, we hold, contrary to Ogur, that an order determining liability coverage in favor of a codefendant is a proper subject for an appeal under rule 9.130(a)(3)(C)(iv).
Motion denied.
SCHEB, C.J., and BOARDMAN, J., concur.
NOTES
[1] Appeals may be prosecuted in accordance with this rule ... from orders granting partial summary judgment on liability in civil actions... .
[2] This ruling would not conflict with the Scott, Kraver, and Becker cases, because in each of those cases, the order determining insurance coverage was made at the insistence of the plaintiff who under the rationale of Ogur would appear to be a party seeking affirmative relief.
[3] The illustration would be even clearer in a case where the plaintiff did not initially join the defendant's liability insurance carrier and the defendant filed a third party claim against the carrier which resulted in an order determining the existence of coverage and the duty to defend.