416 So.2d 503 (1982)
P & H VEHICLE RENTAL AND LEASING CORPORATION, Holiday Rent-a-Car International, Inc., and the Insurance Company of the State of Pennsylvania, Appellants,
v.
William GARNER, As Personal Representative of the Estate of Linda Sue Garner, William Garner, Individually, Hilda Garner, Individually, Peter John Wickenden, Individually, and Allstate Insurance Company, Appellees.
No. 81-1319.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
*504 Margaret E. Sojourner of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for appellants.
Reinald Werrenrath, III, of Akerman, Senterfitt & Eidson, Orlando, for appellees Wickenden and Allstate.
No appearance for appellees Garner.
ORFINGER, Chief Judge.
This appeal is from a non-final order determining primary coverage as between two insurers, and denying to the primary insurer the right to seek indemnification from the lessee of the leased automobile involved here.
Appellee Wickenden rented a car from appellant P & H Vehicle Leasing Corporation (P & H). While driving this car, he was involved in an accident with a vehicle operated by Linda Sue Garner, resulting in her death. Garner's personal representative filed suit against P & H as the owner of the vehicle, and The Insurance Company of the State of Pennsylvania (Pennsylvania), its insurer, and against Wickenden and his insurer, Allstate Insurance Company (Allstate). Each insurer then filed a crossclaim against the other, seeking a determination that the other's coverage was primary. In the partial summary judgment appealed from, the trial court determined that Pennsylvania had the primary coverage and that it was not entitled to seek indemnity from Wickenden, because Wickenden was an insured under its policy. Pennsylvania appeals from this non-final order.
Appellee questions our jurisdiction to hear this non-final appeal. We have jurisdiction, if at all, under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).[1] The part of the order denying to appellant the right to indemnity is clearly not an order determining liability in favor of appellant, so we have no jurisdiction to consider it. Weltz v. Mann, 383 So.2d 324 (Fla. 5th DCA 1980).
The portion of the order determining the priority of insurance coverage is more troublesome. We think the correct rule in that regard is stated in Alamo Rent-a-Car, Inc. v. Summers, 404 So.2d 131 (Fla. 2d DCA 1981). On an identical question of primary vs. secondary coverage in a car rental scenario, raised by co-defendants against each other, as here, the court held that as between the defendants there was a claim for affirmative relief and that a determination that one defendant had primary coverage was a determination of "liability", even though the decision did not carry with it an obligation to pay. We agree on both points, and find that we do have jurisdiction to consider the appeal of the portion of the summary judgment determining which of the two contesting carriers has primary coverage. We recognize that this holding appears to be in conflict *505 with Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980).
The trial court found that Pennsylvania had primary coverage as the lessor's insurer because the rental agreement did not properly shift that burden to the lessee under section 627.7263, Florida Statutes (1981). That statute provides the means for shifting primary insurance coverage from the lessor to the lessee of a rental motor vehicle.[2] The agreement in issue here clearly did not "[state otherwise] in bold type on the face of the ... agreement"[3] and the space in which lessee's insurance carrier could be filled in was left blank. The trial court was correct in holding that the statute had not been complied with.
But, Pennsylvania says that the lessee here is not insured at all under the policy, because he violated a condition of the rental agreement by driving the rental car while intoxicated.[4] Under the terms of Pennsylvania's insurance policy, Wickenden was an insured. There is nothing in the policy which says otherwise. The rental agreement contained these conditions on the reverse side:
Paragraph 2  The vehicle shall not be used ... (2) by any person who is under the influence of intoxicants, narcotics or drugs.
Paragraph 5  The vehicle is covered by an automobile liability insurance policy ... said policy provides coverage and limits of liability at least equal to the liability coverage and limits of liability required of the operator to satisfy this State's financial responsibility motor vehicle laws, but only if no other valid and collectible insurance, whether primary, excess or contingent, is available to renter. Renter ... agrees to comply with and be bound by all of the terms, conditions, limitations, and restrictions of said policy. LESSORS POLICY SHALL NOT APPLY ... to any liability of renter or any driver, ... arising while the vehicle is being used in violation of any of the limitations set forth in paragraph 2.
Pennsylvania's contention cannot be sustained. The owner of a motor vehicle (a dangerous instrumentality) is liable for its negligent operation, so long as the vehicle is operated with his knowledge and consent. In Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972), the court held that a provision of a rental agreement stating that the lessor was not responsible for the operation of the motor vehicle if driven by someone other than the lessee, except with lessor's knowledge and consent, was invalid as against public policy. See also, Susco Car Rental Systems v. Leonard, 112 So.2d 832 (Fla. 1959). The same public policy reasons apply here. P & H leased the vehicle to Wickenden, and P & H is responsible for the negligent operation of the vehicle by Wickenden, whether Wickenden was drunk *506 or sober, and the provision quoted above attempting to avoid liability if the lessee is driving while intoxicated is invalid as against public policy. Similarly, the provision relied on is ineffective to relieve P & H's insurer from liability because coverage is provided in the insurance policy to the owner, which by the terms of the policy extends to the owner's lessee. State Farm Mutual Automobile Insurance Company v. Day Car, Inc., 395 So.2d 179 (Fla. 3d DCA 1980). Section 627.7263 provides a means by which the lessor may shift the obligation for primary coverage to the lessee, and that method was not followed here. The trial court was correct in holding that Pennsylvania had primary coverage.
That portion of the order holding that Pennsylvania has primary coverage is affirmed. The appeal from that portion of the order denying the right of Pennsylvania to seek indemnity from Wickenden is dismissed, without prejudice to the right to present this issue in an appeal from a final judgment.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Review of non-final orders of lower tribunals is limited to those which:

(c) determine:
......
(iv) The issue of liability in favor of a party seeking affirmative relief.
[2] Section 627.7263, Florida Statutes (1981):

Rental and leasing driver's insurance to be primary; exception 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by §§ 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
[3] Instead, just above the place for the lessee's signature, in type no different than found elsewhere in the agreement, is this statement: "Notice  Florida Statutes 627.7263 provides that the rental customer's automobile liability and personal injury insurance shall be primary." This is an incorrect statement of the law in effect when this agreement was signed. See Guemes v. Biscayne Auto Rentals, 414 So.2d 216 (Fla. 3d DCA, 1982).
[4] The only reference in the record to consumption of alcohol by Wickenden was his deposition testimony that he had had three draft beers within a two-hour period prior to the accident. In the light of our holding here, whether he was intoxicated has no bearing on the question of coverage in this case.