429 So.2d 317 (1982)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Helen A. BRUNS, etc., Appellee.
No. 82-1319.
District Court of Appeal of Florida, Fourth District.
Order December 10, 1982.
Rehearing Denied March 9, 1983.
Joseph S. Kashi, of Conrad, Scherer & James, Fort Lauderdale, for appellant.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee.
BY ORDER OF THE COURT:
The non-final order we are asked to review is not one of those enumerated in Rule 9.130, Florida Rules of Appellate Procedure. Nor is the alleged error one amenable to certiorari jurisdiction.
Accordingly, this appeal is hereby dismissed.

ON REHEARING ON MOTION TO DISMISS
PER CURIAM.
In this action against the driver of an automobile and her insurance company to recover damages for personal injuries the question of insurance coverage was decided adversely to defendant's insurer by summary judgment appealed here. In our view such an order is not one of those contemplated by Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure. We therefore follow the lead of the third district, exemplified by Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980) and certify that an express conflict is thus created between the present case and Alamo Rent-a-Car, Inc. v. Summers, 404 So.2d 131 (Fla. 2d DCA 1981) and P. & H. Vehicle Rental and Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982).
We further acknowledge that we indicated a contrary view in Gallahad Associates v. Rose, 392 So.2d 44 (Fla. 4th DCA 1980) but in doing so we relied on State Farm Mutual Auto Ins. Co. v. American Hardware, 345 So.2d 726 (Fla. 1977), a case decided prior to revision of the rules and adoption of the rule we rely on here.
Accordingly, the petition for rehearing is denied.
LETTS, C.J., and HERSEY and DELL, JJ., concur.