443 So.2d 959 (1984)
TRAVELERS INSURANCE COMPANY, Petitioner,
v.
Helen A. BRUNS, etc., Respondent.
No. 63501.
Supreme Court of Florida.
January 12, 1984.
*960 Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for petitioner.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for respondent.
PER CURIAM.
Petitioner seeks review of Travelers Insurance Company v. Bruns, 429 So.2d 317 (Fla. 4th DCA 1983), on the ground of direct and express conflict with P & H Vehicle Rental and Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982), and Alamo Rent-A-Car, Inc. v. Summers, 404 So.2d 131 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case arose from an action against Bruns (respondent) and her alleged insurer, Travelers Insurance Company (petitioner). Insurance coverage was disputed and the trial court issued a summary judgment against petitioner that coverage existed. Petitioner sought review under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). The district court of appeal held that the summary judgment of insurance coverage did not determine the issue of liability in favor of a party seeking affirmative relief and, thus, was nonappealable under rule 9.130. In so holding, the district court aligned itself with the first and third district courts of appeal decisions in U.S. Fidelity and Guaranty Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982) and Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980). The district court recognized and certified express conflict with Summers and Garner. For the reasons below, we approve the district court decision and disapprove Summers and Garner.
Rule 4.2, Interlocutory Appeals, the 1962 predecessor to rule 9.130, authorized review of interlocutory orders which granted partial summary judgment on liability in civil action. This rule was interpreted to permit appeals from partial summary judgments on the issue of insurance coverage. Auto Owners Insurance Co. v. West, 260 So.2d 534 (Fla. 3d DCA 1972), reversed on other grounds, 276 So.2d 31 (Fla. 1973); Travelers Insurance Co. v. Wilson, 261 So.2d 545 (Fla. 4th DCA 1972). Petitioner concedes that the wording of the present rule differs from its predecessor, but asserts that we should adopt Summers and Garner and permit continued review of such orders, because this would vindicate the intent of the framers of the present rule. Petitioner's argument is contrary to the plain meaning of the rule and of the committee notes to the 1977 revision. The resolution of a coverage issue concerning an alleged insured and insurer clearly does not determine the issue of liability in favor of a party seeking affirmative relief. The committee notes also state that the revised rule *961 substantially alters current practice. The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment. We approve the decision of the district court and disapprove Summers and Garner.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.
SHAW, J., concurs specially with an opinion.
ADKINS, J., concurs in result only.
McDONALD, J., dissents.
SHAW, Justice, specially concurring.
I agree with the majority that the plain meaning of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) does not permit review of the nonfinal order holding that coverage exists. I am impressed, however, by the pragmatism of petitioner's public policy argument:
Immediate review of coverage determination would not result in a duplication of judicial effort but rather would conserve it. Often the issues of negligence and damages can be resolved by the parties once a definitive decision has been reached on the issue of coverage. Delaying final adjudication of coverage matters is an obstacle to settlement and a burden upon the judicial system and litigants that should not be countenanced.
Petitioner's brief at page 5.
This argument has merit. It is striking for two reasons: (1) it is being urged on this Court by a major insurer who is only potentially liable, but recognizes that the first order of business in a suit involving three real parties in interest is to determine who is opposing whom  not even school boys first play the school yard ballgame and then retroactively choose sides. It is difficult to see how orderly litigation can proceed without this initial determination; (2) it is directly contradictory to the argument urged on this Court by other major insurers and friends of the Court in Vanbibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983), that section 627.7262, Florida Statutes (Supp. 1982), which prohibits even the joinder of the alleged insurer until liability has been established against the alleged insured, should be upheld.
The incident here occurred prior to the effective date of section 627.7262 when it was at least possible to bring all the real parties in interest before the trial court and obtain a judgment as to the insurance coverage which aligned the parties. It will not be possible in the future as the revised section 627.7262 takes hold. Thereafter, the relatively minor problem here of obtaining review of a nonfinal order aligning the parties and facilitating the litigation will be substantially increased. Aside from the constitutional infirmities of section 627.7262 which I delineated in my dissent to Vanbibber, I am convinced that the statute will produce a procedural quagmire for both trial and appellate courts to the detriment of all the parties in interest. The application of section 627.7262 to tort suits where coverage is disputed can result in three separate actions. In the first action plaintiff A will sue defendant B (alleged insured) on the issues of negligence and damages. Simultaneously, if coverage is disputed, either B or C (alleged insurer) will be obliged to seek a declaratory judgment against the other in a second action. Even though A has a vital interest in the coverage issue, A will be unable to enter the action or appeal the judgment because of the prohibition in section 627.7262. (Alternatively, B could bring a third-party action against C in the first action but this would not change the rights or positions of the parties.) If A then wins against B in the first action, C wins against B in the second action, and A *962 then sues C in a third action, as he is entitled to do under section 627.7262, we will have the ingredients of a very interesting law school problem, particularly if one or the other of the actions involving B is a "sweetheart" suit which B does not aggressively or competently pursue. The procedure has the earmarks of a very complicated tournament which transforms a common everyday occurrence, a suit on an automobile accident, into a cancerous intricacy of the law. I venture no opinion as to what the judicial system's answer to all this will be, but eagerly anticipate hearing it.