ON MOTIONS TO DISMISS
GRIMES, Acting Chief Judge.
This case was precipitated by an accident between a motor vehicle operated by Pablo Rios and a motor vehicle owned by Anne Louise Kennedy and driven by Cynthia Lauren Ellison, who is now deceased. As a result of the accident, Pablo Rios was killed and his wife Annie Rios and their three children were injured. Annie Rios in her individual and representative capacity brought suit for damages against Kennedy and Frederick S. Ellison, the personal representative of Cynthia Lauren Ellison. Af *1291 ter the case was at issue, attorneys for the plaintiffs and the defendants, joined by attorneys for Kennedy’s liability insurer, Georgia American Insurance Company, entered into a written stipulation which was approved by the court. The stipulation provided in pertinent part:
(1) The defendants would file and diligently prosecute a third-party action against Georgia American.
(2) Georgia American would not raise as a defense the fact that no judgment in the principal action had yet been entered against any of the defendant insureds.
(3) Georgia American would pay to the plaintiffs $12,000.
(4) In the event it were finally determined that Georgia American was not liable on the third-party action, the plaintiffs would execute a full release of all claims and dismiss their action with prejudice.
(5) In the event it was determined that Georgia American was liable on the third-party action for bad faith, “such determination would bind the insurance company to pay any judgment which may be entered in the main action described above” and the plaintiffs would not execute on any judgment against the individual defendants.
(6) No party to the agreement waived any right of appeal.
Thereafter, a trial was held on the third-party claim, and the jury returned a verdict finding Georgia American guilty of bad faith. The court then entered final judgment for the third-party plaintiff Kennedy which recited that Georgia American was “jointly liable with defendant/third-party plaintiff Anne Louise Kennedy to pay any judgment for damages it may hereafter be determined to be due and payable from defendant/third-party plaintiff Anne Louise Kennedy to plaintiffs_” Georgia American appealed from that judgment and moved to stay the trial of the principal case during the pendency of the appeal.
Kennedy and Rios have now filed motions to dismiss on the premise that the appeal is being taken from a nonappealable order under the rationale of Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984). That case was a suit for personal injuries against the driver of an automobile and her liability insurer in which the question of coverage was decided adversely to the insurance company by summary judgment. The court held that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) which provides for review of nonfinal orders determining “the issue of liability in favor of a party seeking affirmative relief” did not authorize the insurer’s appeal from the nonfinal order on coverage. The court reasoned that because the question of the insured’s liability to the plaintiff remained pending, there had been no determination of an issue of liability in favor of a party seeking affirmative relief.
Georgia American seeks to distinguish Bruns and other cases which have followed Bruns by arguing that the judgment entered in this case is a final judgment from which a plenary appeal may be taken. We agree.
Presumably because of section 627.7262, Florida Statutes (1985), which became effective after the accident involved in Bruns, the plaintiff, Rios, did not join Georgia American as a defendant in her negligence action against Kennedy and Ellison. The only claim against Georgia American was made by the defendants, and except for the stipulation, the insurance company could not have been made a party to the suit. Since the judgment provides that Georgia American is obligated to pay any judgment for damages that may hereafter be determined to be due from Kennedy to Rios, there is no further order to be entered with respect to Georgia American. Therefore, Georgia American must now appeal or pay any judgment finally entered against Kennedy. If Rios were to obtain a judgment against the defendants and Georgia American failed to pay it, her remedy would be an action for breach of contract.
The posture of this case is analogous to a situation in which the plaintiff sues the defendant for damages and because the defendant’s insurance coverage is in dispute, the defendant and his insurer litigate *1292 the question of coverage in a separate suit for declaratory judgment. If the insurer suffers an adverse judgment on the question of coverage, it must necessarily appeal that judgment rather than trying to raise the coverage issue in a later appeal from a judgment which might be entered against its insured in the primary action. The result in the instant case would have been otherwise had the parties stipulated that if a judgment were entered against the defendants, the court would also enter a judgment against Georgia American. In that event, there would remain some action to be taken in the case with respect to the insurance company, and the earlier judgment entered against it would be the equivalent of the summary judgment on coverage entered in the Bruns case.
We deny the motions to dismiss. However, we also deny Georgia American’s motion to stay. Since the trial court is not without jurisdiction to proceed, any motion to stay pending the resolution of this appeal should be addressed to the sound discretion of that court.
CAMPBELL and HALL, JJ., concur.