COPE, Judge
(dissenting).
I respectfully dissent.
The proceeding below is a declaratory judgment action in which Lone Star Industries, Inc. brought suit against its insurer, Liberty Mutual Insurance Company, requesting a determination in count I, that Liberty Mutual was obliged to defend Lone Star in separately pending environmental litigation, and in count II, that Liberty Mutual is obliged to indemnify Lone Star for any judgment that may be rendered. The trial court entered an order granting partial summary judgment as to the duty to defend, thus granting most, if not all, of the relief sought by Lone Star in count I.
Liberty Mutual has appealed and Lone Star has moved to dismiss the appeal. In my view, the motion is not well-founded.
First, it is true that the order under review is an order granting a motion for partial summary judgment and has not been reduced to the form of a “partial summary judgment.” Because Rule 9.130(a)(3)(C)(iv) expressly permits review of “nonfinal orders of lower tribunals” (emphasis added) which otherwise meet the criteria specified in the rule, the order is reviewable whether or not it takes the form of a “judgment.” In that respect I agree with the dissent in Bravo Electric Co. v. Carter Electric Co., 522 So.2d 480, 481 (Fla. 5th DCA 1988), see generally H. Trawick, Trawick’s Florida Practice & Procedure § 25-8, at 358 (1988), and would adopt that analysis. The decisions in Logozzo v. Kent Insurance Co., 464 So.2d 605 (Fla. 3d DCA 1985), and Kessler v. Gumenick, 358 So.2d 1167 (Fla. 3d DCA 1978), relied on by the majority, do not address the specific issue under review here.
In the present case, unlike Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1983), the action is a first-party action by an insured against its own insurance company. The affirmative relief specifically requested by the insured is that the insurance company defend the insured, and that “issue of liability” has been determined in favor of the “party seeking affirmative relief.” Fla.R.App.P. 9.130(a)(3)(C)(iv). By contrast, Bruns was a direct action against the insurer by the injured party, not an action by the insured, and the issue was the existence of coverage, not the duty to defend. See Western American Ins. Co. v. Nixon, 489 So.2d 876, 877 (Fla. 4th DCA 1986). In my view the appealability of the trial court order in the present case follows from Ogur v. Mogel, 390 So.2d 105, 106 (Fla. 3d DCA 1980) (approved by implication in Bruns, 443 So.2d at 960). I would therefore deny the motion to dismiss.