COPE, Judge.
We dismiss the appeal for want of an appealable order.
Plaintiff James O’Brien was in an automobile accident while driving a car leased by the City of Miami from defendant Inter-american Car Rental, Inc. Plaintiff sued Interamerican for uninsured motorist benefits.[1] Co-plaintiff Linda O’Brien sued for loss of consortium. Interamerican counterclaimed for a declaratory judgment that it was not obliged to provide any uninsured motorist coverage.
Plaintiffs moved for a partial summary judgment on the existence of uninsured motorist coverage. Interamerican moved for summary judgment on the same issue. The trial court entered an order “finding the existence of uninsured motorist coverage for the Plaintiff’s injuries arising from the subject accident with limits up to $100,-000.00.” [2]
Under the controlling and indistinguishable authority of Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984), we dismiss the appeal. Bruns holds that a partial summary judgment establishing the existence of insurance coverage “did not determine the issue of liability in favor of a party seeking affirmative relief and, thus, was not appealable under rule 9.130[, Florida Rules of Appellate Procedure].” Id. at 960; see also Liberty Mutual Insurance Co. v. Lone Star Industries, Inc., 556 So.2d 1122 (Fla. 3d DCA 1990); Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980). Since there is no reviewable order under Rule 9.130, and since no final judgment has been entered disposing of plaintiff’s claims against Interamerican, there is no appeal-able order at this time.
Interamerican cites State Farm Mutual Automobile Insurance Co. v. Hinestrosa, 614 So.2d 633 (Fla. 4th DCA1993). In that case, however, the insurer filed an independent action for declaratory judgment on the issue of coverage. The trial court entered a final judgment. Once that was done, there was an appealable order. Here there is no final judgment.[3]
*762 Interamerican argues that it has a right to appeal at this time because there has been a ruling on Interamerican's counterclaim for declaratory judgment. To the contrary, no appeal lies at this time because the counterclaim is not distinct or severable. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA1989), review denied, 563 So.2d 633 (Fla.1990).[4]
In the present case the plaintiffs have brought a suit for money damages against Interamerican. The trial court has entered an order determining the existence of insurance coverage, but there is not yet a judgment which finally disposes of plaintiffs’ claims against Interamerican. Inter-american may not appeal at this time, but may appeal after entry of final judgment in the case.
Appeal dismissed.

. The suit also named as defendants the alleged tortfeasors, Perfect Cut Glass Shop Corporation and Jose A. Garcia. Those claims are not at issue here.

. We strike that part of the order which erroneously indicates that it is a "final summary judgment.” The motion granted by the trial court was plaintiffs’ motion for partial summary judgment. No final judgment has been entered.

.Interamerican also relies on Diversified Services v. Avila, 606 So.2d 364 (Fla.1992), and Lipof v. Florida Power & Light Co., 596 So.2d 1005 (Fla.1992). In each of those cases, however, the appeal was from a final judgment in favor of the defendant.

. Interamerican also cites Georgia American Insurance Co. v. Rios, 491 So.2d 1290 (Fla. 2d DCA1986). On the unusual facts of that case, the court found that “there is no further order to be entered with respect to Georgia Ameri-can.” Id. at 1291. The Second District therefore ruled that there was a reviewable order in that case. That is not the situation here.