666 So.2d 888 (1996)
CANAL INSURANCE COMPANY, Petitioner,
v.
Richard Dewey REED, et al., Respondents.
No. 85680.
Supreme Court of Florida.
January 18, 1996.
*889 George J. Dramis, Harry W. Lawrence and John A. Reed of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Petitioner.
Steven D. Turnage and Philip Barton of the Law Offices of Barton, Soraci, Frankenberger, Surrency & Turnage, Gainesville, for Respondents.
OVERTON, Justice.
We have for review Canal Insurance Co. v. Reed, 653 So.2d 1085 (Fla. 1st DCA 1995), in which the district court held that a third-party declaratory judgment issued by the trial court in an insurance coverage dispute was not a final order and could not be reviewed until a final judgment was rendered in the principal action. After reaching its decision, the district court certified the following question as being one of great public importance:
WHEN AN INSURANCE COVERAGE ISSUE HAS BEEN DECIDED IN A THIRD PARTY DECLARATORY JUDGMENT ACTION BETWEEN AN INSURER AND ITS INSURED, PRIOR TO A FINAL DETERMINATION OF LIABILITY IN THE UNDERLYING ACTION, AND, AS A RESULT, THE INSURER MUST PROVIDE LIABILITY COVERAGE FOR THE INSURED IN THE UNDERLYING ACTION, MAY THE INSURER SEEK IMMEDIATE REVIEW OF THE ORDER ENTERED IN THE DECLARATORY JUDGMENT ACTION AND, IF SO, WHAT CONSTITUTES *890 THE PROPER AVENUE OF REVIEW: PETITION FOR WRIT OF CERTIORARI, APPEAL OF A NON-FINAL ORDER PURSUANT TO RULE 9.130, OR APPEAL OF A FINAL ORDER?
Id. at 1090. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the affirmative and find that the third-party declaratory judgment should be treated as a final order for purposes of appeal. In so holding, we note that this coverage issue could have been addressed in a separate declaratory judgment action rather than as a counterclaim in a third-party proceeding in the original action.
The record reflects the following relevant facts. The respondent, Richard Dewey Reed, was involved in an automobile accident. Michael York, a passenger in Reed's car at the time of the accident, sued Reed, alleging injuries caused by Reed's negligence during the vehicle's operation. This personal injury action between York and Reed has not been concluded and is pending resolution in the trial court based on the outcome of this proceeding. As part of the personal injury action, Reed brought a third-party complaint for liability coverage from his insurer, Canal Insurance Company (Canal). Reed also brought a third party complaint against Hodges Insurance Agency (Hodges) alleging misrepresentation in the issuance of the policy. Canal, by a counterclaim, filed a complaint for declaratory judgment for the purpose of determining whether Reed's insurance policy with Canal covered injuries sustained by passenger York. In the declaratory judgment action, Canal asserted that passenger York was specifically excluded from coverage under Reed's policy because York was Reed's employee at the time of the accident and was thus specifically excluded from coverage under Reed's policy.[1]
The trial court severed this case into three distinct actions, specifically: (1) Canal's third-party counterclaim for declaratory judgment against Reed; (2) the third-party claim by Reed against Hodges on the misrepresentation issue[2]; and (3) the underlying personal injury action between York and Reed. This case concerns only the first action, in which the trial court entered a declaratory judgment finding that Canal was required to provide liability coverage to York for the accident.
Canal, who is the petitioner in this case, appealed the trial judge's declaratory judgment, seeking appellate court jurisdiction on three alternative theories, arguing that: (1) the trial court's judgment was a final order; (2) the trial court's judgment was a non-final order that was subject to an immediate appeal; and (3) the trial court's judgment was subject to review through a petition for common law writ of certiorari. A unanimous district court of appeal rejected Canal's appeal. In reaching its decision, the district court relied on our opinion in Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla. 1984), to find that the declaratory judgment in this case was not ripe for review because "no opportunity for appellate review arises until a final judgment has been entered against the insured in the underlying action." Canal, 653 So.2d at 1090. In so holding, the district court recognized possible conflict with Georgia American Insurance Co. v. Rios, 491 So.2d 1290 (Fla. 2d DCA 1986),[3] and certified the aforementioned question.
*891 In Bruns, this Court held that a summary judgment on the issue of insurance coverage did not determine an issue of liability in favor of the party seeking affirmative relief and was therefore not appealable as a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). In Bruns, the trial court had resolved the coverage issue through summary judgment because the alleged tortfeasor's insurance carrier was a party to the underlying action between the injured party and the alleged tortfeasor. There was no separate declaratory judgment proceeding between the insured and the insurer.
Subsequent to the incident at issue in our Bruns decision, the legislative amendment to section 627.4136, the "non-joinder statute," became effective. That amendment precluded a plaintiff from including an alleged tort-feasor's insurance carrier as a party in a suit against the alleged tortfeasor. § 627.4136, Fla. Stat. (1993) (Nonjoinder of Insurers). The public policy behind the nonjoinder statute is to ensure that jurors do not consider the existence of insurance coverage as a factor in determining liability. Justice Shaw predicted the effect that the amendment would have on the Bruns decision when he stated:
The incident here occurred prior to the effective date of section 627.7262 [currently section 627.4136] when it was at least possible to bring all the real parties in interest before the trial court and obtain a judgment as to the insurance coverage which aligned the parties. It will not be possible in the future as the revised section ... takes hold... . I venture no opinion as to what the judicial system's answer to all this will be, but eagerly anticipate hearing it.
Bruns, 443 So.2d at 961-62 (Shaw, J., specially concurring). We are now called to answer this question and find that our decision in Bruns is not controlling. We reach this conclusion in part because of the existence of section 627.4136, and in part because of section 86.011, Florida Statutes (1993), the statute governing declaratory judgment actions.
Unlike Bruns, the parties here are subject to the nonjoinder statute. In this case, the trial court complied with the provisions of the nonjoinder statute by severing the third-party dispute over insurance coverage from the underlying claim. The trial court then separately tried the coverage issue in the declaratory judgment action filed as a counterclaim in response to the third-party complaint.
Under section 86.011, a declaratory judgment "has the force and effect of a final judgment." As such, a declaratory judgment is res judicata of all matters at issue between the parties and their privies. See, e.g., Garden Suburbs Golf & Country Club, Inc. v. Murrell, 180 F.2d 435, 436 (5th Cir.) (holding that a state declaratory judgment was res judicata in a subsequent federal court action), cert. denied, 340 U.S. 822, 71 S.Ct. 54, 95 L.Ed. 603 (1950). Through section 86.011, the legislature has clearly stated that declaratory judgments are final judgments. Consequently, we are compelled to find that a declaratory judgment is appealable as a final order regardless of whether the judgment is rendered in a separate declaratory judgment action or as part of a third-party action such as that at issue here. In reaching this conclusion, we emphasize that the coverage dispute could have been resolved under either of those procedural mechanisms. We can find no logic or reason to hold that a declaratory judgment finding coverage in a separate action is appealable but an identical declaratory judgment in a third-party action is not appealable. This is particularly true given that the issue of coverage carries with it other duties and responsibilities, not the least of which is the good faith effort to settle the action that brought forth the injury to the initial plaintiff.
Our holding today is consistent with the reasoning of Georgia American Insurance Co. v. Rios, 491 So.2d 1290 (Fla. 2d DCA 1986), in which the Second District Court of Appeal held that a declaratory judgment of bad faith was reviewable as a final order. The Second District reached this conclusion on the grounds that all justiciable issues between the parties to the declaratory judgment action had been concluded. Id. at 1291-92.
*892 Although we find that this declaratory judgment regarding a determination of insurance coverage is reviewable as a final order, we must also stress that such a judgment will not automatically result in a stay in the independent underlying cause of action. See Rios, 491 So.2d at 1292. This is because the underlying personal injury action is separate and distinct from the insurance coverage dispute. The trial judge has the discretion to stay the underlying action between the parties pending resolution of the appeal or to permit it to continue concurrently with the appeal process.
In reaching our ruling, we acknowledge that it would be in the best interests of all the parties for coverage issues to be resolved as soon as possible. We therefore suggest that the district courts expedite review of appeals involving the sole issue of coverage. We also suggest that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of these cases to avoid unnecessary delays in the final resolution of the underlying actions.
Accordingly, for the reasons expressed, we answer the certified question in the affirmative, finding that the declaratory judgment in this action should be reviewed as an appeal from a final order. We quash the decision of the district court and remand this case for consideration on the merits, requesting that the district court take the necessary steps to expedite a final resolution of this coverage issue.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The exclusion provides: "This insurance does not apply ... to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury... ."
[2] We note that although Reed initially brought the third-party action against both Canal and Hodges for misrepresentation, it appears that the trial court limited this claim to apply only to Hodges.
[3] The district court also noted possible conflict with Insurance Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990). That case permitted review of a non-final order involving a insurer's duty to defend its insured. We find it unnecessary to determine whether the district court's decision in the instant case conflicts with Querns because our decision today quashes the district court's decision and does not reach the issue of whether declaratory judgments resolving coverage issues are reviewable as non-final orders.