OPINION ON MOTION TO DISMISS
ALTENBERND, Judge.
The order on appeal, described as an order granting relief from judgment, is neither a final nor an appealable nonfinal order. The order grants no relief from any final judg *1317 ment, but attempts to extend the time to appeal a prior order that granted summary judgment. The order granting summary judgment was not appealable when it was entered. Accordingly, we dismiss this appeal.
Madelyn Warcholik sued various defendants, including M.A. Mortenson Company (Mortenson), alleging that she developed a respiratory illness because of defects in the construction of a building. Mortenson was the general contractor who constructed the building. Southeast Mechanical Contractors of Tampa, Inc. (Southeast), was the subcontractor responsible for the heating, air conditioning, and ventilation system. Southeast’s contract with Mortenson contained an indemnity clause, requiring it to both defend and indemnify Mortenson for certain claims.
After Ms. Warcholik filed her lawsuit, Mortenson filed a third-party complaint against Southeast, one count of which sought to enforce the indemnity clause. In granting summary judgment, the trial court essentially has decided that the clause is enforceable and applies to Ms. Warcholik’s suit. The trial court’s order, however, is not a third-party declaratory judgment, which would be appealable as a partial final judgment resolving the issues presented in a separable third-party action. Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996). Although it explains that Southeast should reimburse Mor-tenson for prior legal expenses incurred in defending Ms. Warcholik’s claim, the order enters no final monetary judgment. This nonfinal order contains no language in the nature of a mandatory injunction requiring Southeast to provide legal representation to Mortenson. Further, the order does not clearly resolve an issue of liability. See Insurance Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990).
Although it appears that the trial court can enter an appealable partial final judgment as was done in Canal, no such order has been rendered in this case. Accordingly, we dismiss this appeal.
DANAHY, A.C.J., and LAZZARA, J., concur.