KLEIN, J.,
specially concurring.
I was initially concerned in this case that the parties had not agreed to arbitration as contemplated by Chapter 682, Florida Statutes, and that the majority was being too liberal in allowing a nonfinal appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). Under Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984), we must narrowly construe rule 9.130, which authorizes nonfinal appeals.
Blacks Law Dictionary 100 (7th ed.1999), however, defines arbitration as “A method of dispute resolution involving one or more neutral third parties who are usually agreed to by the disputing parties and whose decision is binding.” The agreement by the parties in this case to have their dispute resolved by an accounting firm “whose determination will be final and binding” falls within the above definition. I therefore agree that nonfinal appellate review is appropriate at this point, because this procedure is arbitration.