COPE, J.
(concurring).
The law regarding when there can be a non-final appeal of an insurance coverage issue has been aptly described as a “quagmire.” Raoul G. Cantero, III, Nonfinal Review of Insurance Coverage Issues: Wading Through the Quagmire, 69 Fla. Bar J. 81, 81 (October 1995).
This is not a case in which the insured, Miami Dade County, is attempting to compel the insurers to take over the defense of presently-pending litigation. If the effect of the trial court ruling is to grant or deny what amounts to specific performance of the duty to defend, then such an order should be immediately reviewable as an order granting or denying an injunction. Southeast Mech. Contractors of Tampa, Inc. v. M.A. Mortenson Co., 685 So.2d 1316, 1317 (Fla. 2d DCA 1996).[1]
The County’s lawsuit against the insurers in this case alleges that the insurers must indemnify the County for pollution damage at the airport. As to the duty to defend, the County requests damages for failure of the insurers to defend the County in civil lawsuits and administrative proceedings. The trial court has simply rendered an interlocutory ruling holding that, as written, these policies do not provide for a duty to defend the insured against administrative proceedings. The claim for damages for failure to defend against the civil lawsuits remains pending, as does the claim for indemnity for pollution damage.
*1011 Boiled down, this is a garden variety suit for damages, seeking reimbursement for defense expenses and pollution cleanup. The claims are all factually interwoven. There is no sound reason to allow a piecemeal appeal at this time.[2] It would be a different matter if the effect of the trial court ruling was to grant or deny specific performance of the duty of the insurer to defend ongoing litigation, but I see no such claim in this case. I concur that dismissal is in order.

. This court dismissed such an appeal in Liberty Mut. Ins. Co. v. Lone Star Indus., Inc., 556 So.2d 1122 (Fla. 3d DCA 1989). The trial court had ruled that the insurer had a duty to defend. The insurer appealed, arguing that the order finding that the insurer had a duty to defend amounted to an order determining the issue of liability in favor of a party seeking affirmative relief under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). The majority opinion concluded that such an order was not appealable under that subdivision of Rule 9.130. There was no claim that the order was appealable as an injunction under Rule 9.130(a)(3)(B).
As an aside, Rule 9.130(a)(3)(C)(iv) has been repealed effective January 1, 2001. Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 838, 860 (Fla.2000).

. The parties are in agreement that Rule 9.110(n) does not apply here.