# Third District Court of Appeal
## State of Florida

Opinion filed October 2, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1327
Lower Tribunal No. 2018-35789-CA-01
_____

**Buysmart Insurance Inc., et al.,**
Appellants,

vs.

**Carlos Chirinos,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

AV Professional Association, and Alba Varela, for appellants.

Law Offices of Gold & Parado, and James L. Parado, for appellee.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

**ON MOTION TO DISMISS**

Buysmart Insurance Incorporation and Beatriz Estrada (the "Appellants") appeal a non-final order entered in favor of Carlos Chirinos ("Chirinos") asserting our jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).[1]  Because the challenged order does not determine the right to immediate possession of property, we dismiss the appeal for lack of jurisdiction.

## I.

In the underlying case, the trial court struck all of the Appellants' pleadings and bifurcated the proceedings into a trial to determine whether Chirinos was a fifty percent shareholder in Buysmart Insurance Incorporation.  The order on appeal did not resolve the entire case and left the issue of damages to be addressed in a subsequent trial.  After the Appellants filed their notice of appeal, Chirinos moved to dismiss for lack of jurisdiction.  In response, the Appellants argue that jurisdiction is proper under rule 9.130(a)(3)(C)(ii) because the trial court's order finding that Chirinos is a fifty percent owner of Buysmart Insurance Incorporation involves the right to immediate possession of property.

---

[1]  See Fla. R. App. P. 9.130(a)(3)(C)(ii) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . determine . . .  the right to **immediate possession of property**, including but not limited to orders that grant, modify, dissolve, or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment") (emphasis added).

**II.**

"Our appellate jurisdiction to review non-final orders is limited to only those orders specifically listed in rule 9.130(a)(3)." Dexx Med. Indus., CA v. Fitesa Naotecidos S.A., 346 So. 3d 1215, 1217 (Fla. 3d DCA 2022). "The Florida Supreme Court has mandated that we narrowly interpret rule 9.130 so as to 'restrict the number of appealable nonfinal orders.'" Abrams v. Waserstein, 349 So. 3d 493, 495 (Fla. 3d DCA 2022) (quoting Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla.1984)). "To be appealable pursuant to rule 9.130(a)(3)(C)(ii) the subject order must '**directly determine** the **immediate** right to possession of property.'" Id. (quoting Profile Invs., Inc. v. Delta Prop. Mgmt., Inc., 957 So. 2d 70, 70 (Fla. 1st DCA 2007)). "When we are 'analyzing whether we have jurisdiction to review a non-final order under rule 9.130(a)(3)(C) – i.e., whether the nonfinal order has made the requisite determination so as to trigger the rule's applicability – this Court looks to the four corners of the challenged order, not to the arguments made in the underlying motion.'" Id. (quoting Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020)).

Upon our review, we find the four corners of the non-final order did not determine the right to immediate possession of either allocated shares or trade secrets. Because the plain language of the order did not determine

the immediate transfer of shares or the right to possession of trade secrets and the issue of damages was yet to be determined in a subsequent trial, we dismiss the appeal for lack of jurisdiction as it arises from a non-final, non-appealable order.  See Truist Bank, 307 So. 3d at 826-27 ("It is plain from the four corners of the challenged order in this case that it . . . does not 'determine' the right to immediate possession of property . . . that would trigger the right to immediate possession of property.  The challenged non-final order does not make the necessary determination to trigger rule 9.130(a)(3)(C)(ii)'s applicability.  We therefore grant the appellees' motion because we lack appellate jurisdiction to review the challenged order."); Dexx Med. Indus., CA, 346 So. 3d at 1218 ("We are bound by this Court's precedent, the relevant rule and the four corners of the trial court's order when making a jurisdictional inquiry.  We therefore must dismiss a non-final order that does not determine the issue of jurisdiction."); Berengo v. Daley Law Firm PLLC, 349 So. 3d 488, 489 (Fla. 3d DCA 2022) ("We must narrowly construe Rule 9.130 to limit piecemeal appeals.  We interpret Rule 9.130(a)(3)(C)(ii)'s plain language to only permit review of orders that determine the immediate right to possession of property.  The order Appellants seek to appeal does not fall within this category.  As such, we dismiss this appeal as taken from a non-final, non-appealable order.").

4

Dismissed.