14 So.3d 1244 (2009)
AFFIRMATIVE INSURANCE COMPANY, Petitioner,
v.
Josianny Meza GOMEZ, Respondent.
No. 4D08-2648.
District Court of Appeal of Florida, Fourth District.
July 1, 2009.
Rehearing Denied August 5, 2009.
*1245 Thomas A. Paigo, Wendi M. Weiner, and Alicia Lyons Laufer of Rubinton & Laufer, LLC, Davie, for petitioner.
David B. Pakula, Pembroke Pines, and Adolfo A. Podrecca, Fort Lauderdale, for respondent.
DAMOORGIAN, J.
The parties are before this court for second tier review on a petition for writ of certiorari. In this petition, Affirmative Insurance Company (AIC) seeks to have this court quash the circuit court's order dismissing AIC's appeal. Because AIC was not provided with notice that dismissal of its appeal would result from its failure to file the initial brief and record on appeal by the deadline set by the circuit court, AIC was not provided with procedural due process. We therefore conclude that the petition is well taken and grant it.
This matter arises out of a civil action in which the respondent, Josianny Meza Gomez (Gomez), sued AIC in county court for breach of an insurance policy. The county court entered summary judgment in favor of Gomez and against AIC on the issue of whether there was insurance coverage. AIC appealed the summary judgment to the circuit court in its appellate capacity ("the coverage appeal"). While the coverage appeal was pending, Gomez also obtained a judgment for attorney's fees and costs as the prevailing party in the action. AIC filed a separate appeal from the attorney's fee judgment ("the fee appeal").
In a previous order, which is not the subject of this petition, the circuit court dismissed the coverage appeal. This court quashed the order of dismissal and remanded the coverage appeal to the circuit court for further proceedings. Affirmative Ins. Co. v. Gomez, 971 So.2d 227 (Fla. 4th DCA 2008). In the period of time between the order of dismissal and remand, the Broward County clerk completed the record for the coverage appeal, but because that appeal had been dismissed, the clerk filed the record with the fee appeal in August, 2007.
The petition that is the subject of this appeal arose from a subsequent order of dismissal in the coverage appeal. In response to Gomez's several motions to dismiss AIC's appeal or strike its brief, the circuit court initially entered an order threatening to dismiss the coverage appeal if AIC did not file the record on appeal within ten days. After AIC filed its initial brief and index to the record on appeal, the circuit court then granted Gomez's motion to strike AIC's initial brief and the index to the record because the index corresponded to the fee appeal, not the coverage *1246 appeal. The court ruled that, since no record actually was filed in the coverage appeal, the record citations in AIC's brief were not valid. Without expressly threatening dismissal, it gave AIC ten days to file a separate record in the coverage appeal and an initial brief with proper citations. This time the court failed to notify AIC of the potential consequence of a failure to comply. The court then granted AIC another five days in which to file the record.
Nevertheless, AIC did not file a separate record in the coverage appeal within the time allotted by the circuit court. As a result, in the challenged order dated April 10, 2008, the circuit court dismissed the coverage appeal, stating that it had granted numerous motions to dismiss the appeal and then vacated them on AIC's emergency motions for relief. The court found that AIC had engaged in a pattern of failing to timely comply with the court's orders, and determined that the sanction of dismissal was appropriate. After the circuit court denied AIC's motion for rehearing, AIC petitioned this court for a writ of certiorari.
On a petition for writ of certiorari filed from a decision of the circuit court rendered in its appellate capacity, this court must determine whether the "circuit court afforded procedural due process and whether it applied the correct law." See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995). AIC complains that it was denied procedural due process and that the circuit court departed from the essential requirements of law in dismissing its appeal contrary to clearly established law.
Florida Rule of Appellate Procedure 9.410 provides as follows:
After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.
While the rule provides that the sanctions for violating the rules may include the dismissal of the case,
[a] sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. See Swicegood v. Department of Transportation, 394 So.2d 1111 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to an order of the court); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to timely prosecute his client's appeals, despite reprimands by the court and the imposition of monetary sanctions).
Irvin v. Williams, 736 So.2d 705, 706 (Fla. 1st DCA 1999). "[D]ismissal of an appellate proceeding should be employed sparingly and only after repeated violations or contumacious disregard of a court's orders." Craig v. Preston, 593 So.2d 578, 578 (Fla. 3d DCA 1992) (quoting Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991)) (quashing order dismissing appeal for failure to timely file initial brief, where briefing schedule was ambiguous); see also Mathis v. Fla. Dep't of Corr., 726 So.2d 389, 393 (Fla. 1st DCA 1999) (holding that findings of willful noncompliance are almost *1247 always a prerequisite for dismissing a claim for disobedience of a prior order).
We conclude that the circuit court denied AIC procedural due process by failing to provide notice of its intent to dismiss the coverage appeal, as required by rule 9.410. The circuit court's first order requiring the filing of the record did threaten dismissal if the record were not filed within ten days from February 5, 2008. Instead of following through with that threat, however, the circuit court entered subsequent orders granting AIC additional time to file the initial brief and record on appeal. Neither the order requiring the filing of the record within ten days after the striking of the initial brief, nor the order granting AIC a five-day extension to file the proper record, included language giving AIC notice of the court's intent to dismiss if the initial brief and record were not filed within the time allowed. The court's failure to include such notice in these orders denied AIC procedural due process. See Fla. R.App. P. 9.410; Gillespie v. City of Destin, 946 So.2d 1195 (Fla. 1st DCA 2006) (quashing order dismissing appeal, inter alia pointing out that rule 9.410 requires the giving of ten days notice before imposing sanctions for the violation of the rules); Lindsey v. King, 894 So.2d 1058 (Fla. 1st DCA 2005) ("`[T]he great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless there has been fair warning, in advance, that this consequence may flow from a late filing.'") (quoting United Auto. Ins. Co. v. Total Rehab & Med. Ctr., 870 So.2d 866, 869 (Fla. 3d DCA 2004)).
The circuit court in its appellate capacity has considerable discretion in the control and management of its docket. However, the coverage appeal should not have been dismissed because the circuit court failed to provide the warning required by Florida Rule of Appellate Procedure 9.410. Accordingly, we grant the petition and issue the writ. The April 10, 2008 order dismissing the appeal is quashed.[1]
HAZOURI, J., concurs specially with opinion.
FARMER, J., dissents with opinion.
HAZOURI, J., concurring specially.
I concur and write to note that all the judicial labor could have been avoided had the lower court merely granted AIC's motion to consolidate the two appeals.
FARMER, J., dissenting.
By petition for common law certiorari an Insurance Company asks us to grant extraordinary review of a decision of the Circuit Court acting in its appellate capacity.[2] That court dismissed the Company's appeal of a coverage decision by the County Court as a sanction for several violations of the appellate court's orders.[3] By the time of the dismissal, the Company had evaded presenting an initial brief on its own appeal for nearly two years. Strikingly, the Company failed to perfect *1248 its appeal in spite of a prior order warning of dismissal if it failed to file its brief.[4]
We are thus asked to second-guess another court's decision in the handling of an appeal. Our discretion in the matter should therefore be the most limited imaginable. I'm afraid the majority's decision to grant this second-guess falls well outside any range of discretion we may claim.
Let me begin by observing that Circuit Courts are supposed to be the end of the line for cases begun in the County Courts.[5] Also, because of their very nature, conflicts over insurance coverage are required to be given expedited treatment and handling on appeal.[6] Yet, contrary to expedited treatment, this Company's record of conduct in failing to prosecute its appeal seems designed to delay any resolution of coverage until the Insured simply gives up. And so the Insured's characterization of the Company's tactics in the appeal looks fair and apt to me:
"[it] reflects that [the Company] has been unwilling to move the appeal forward and has steadfastly resisted efforts by [the Insured] and the circuit appellate court to compel [the Company's] compliance with its obligations under the rules of appellate procedure and court orders."
That is certainly implicit in the Circuit Court's findings in dismissing the appeal. The Company repeatedly filed motions for extensions of time after a period prescribed by Order had already expired. It repeatedly failed to serve the Insured with copies of purported filings. It repeatedly failed to consult counsel before filing motions for extensions of time. On several occasions it did not even bother to file the original of a motion for days or weeks after service. It never bothered to assist the Clerk by supplying copies of missing documents for inclusion in the Record. The Company never once seems to have filed anything on or before the date on which it was due by reason of an order of the court.
Legal issues of coverage are not difficult. Nothing suggests the coverage case in the County Court was anything but routine. Did the insurance contract cover the claim? Appeals of these decisions are usually simple and basic. If an Insurance Company cannot readily explain why its contract did not cover a specific claim, perhaps that inability betrays something wrong with denying coverage.
Coverage appeals are regular fare on our own docket. They rarely present difficulties in reaching a decision. Actually from time to time we too find it necessary to dismiss appeals because of similar misconduct *1249 in handling an appeal. Nothing filed by the Companyhere or in the Circuit Courtbegins to adequately explain why a compliant initial brief was not laid before the court within a few months of the filing of the appeal. And nothing comes close to explaining a lapse of 20 months! before it attempted to file even a brief lacking proper record citations.
But today this court holds that the Circuit Court's dismissal of the appealone that went unperfected for twenty months despite several orders granting new opportunities to file a briefis somehow a departure from the essential requirements of law! I must say, the only "departure from the essential requirements of law" in this case appears to lie in the conduct of the Company on its own appeal.
In Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000), the court made clear that:
"we clarified and narrowed the scope of common law certiorari jurisdiction [holding] that `a decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as applied to the facts, is not an illegal or irregular act or proceeding remedial by certiorari.'"
774 So.2d at 682 (quoting Haines City Community Development v. Heggs, 658 So.2d 523, 525 (Fla.1995)). Ivey emphasized that the only inquiry under this highly restricted form of additional review is "whether the circuit court afforded procedural due process and whether it applied the correct law." 774 So.2d at 682. And, to be sure, applying apt law incorrectly is no basis to open up this rare form of second review. See Housing Authority of City of Tampa v. Burton, 874 So.2d 6 (Fla. 2d DCA 2004) (unlike application of incorrect law, misapplication of correct law by a circuit court sitting in its appellate capacity generally does constitute a violation of clearly established law resulting in a miscarriage of justice, which would warrant certiorari relief).
By today's decision, we make it pointlessly burdensome for the Circuit Court to manage its appellate docket. We hereby invite litigants like this one to delay an appeal to the Circuit Court without fear of the only useful sanction. Consequently, we deny their adversariesappellees in such casesthe speedy, just and inexpensive determination to which they are entitled by law of the important coverage decision.[7]
Simply put, there is no miscarriage of justice here. There is no basis to conclude that in dismissing the appeal the Circuit Court failed to apply the correct law. As for the Circuit Court's process and procedures, this case has already been drowned in over-processingnearly two years of it without an acceptable brief ever quite surfacing. So elementary are the many procedural neglects and mistakes committed by Company in the handling of this coverage appeal,[8] that I am unable fully to suppress the impression that it has all been purposeful and calculated on its part. I could not bear to know how much more process is due for such an obstinate, unwilling appellant.
I dissent.
NOTES
[1] The dissent suggests that AIC delayed the appeal for two years, but fails to acknowledge that the coverage issue was previously appealed to this court during that time.
[2] See Fla. R.App. P. 9.030(b)(2)(B) (certiorari jurisdiction of district courts may be sought to review final orders of circuit courts acting in their review capacity).
[3] Its appeal sought review of a County Court decision declaring coverage in favor of the Insured. Another appeal by the Company sought review of a related award of attorneys fees in favor of the Insured.
[4] The court had ordered that if the Company failed to file the record by the date specified, along with its initial brief, or instead show good cause for failing to do so, the Court would impose the sanction of dismissal. The court later extended its deadline at the request of the Company who still failed to succeed even with the additional time. The majority seem to fancy a Dickensian procedure requiring an appellate court to renew its warning each time a party fails to comply with a required deadline. The Company's appellate lawyers in the Circuit Court are presumably not lay persons ignorant of appellate procedures. I think one warning ought to be enough for appellate lawyers.
[5] See § 26.012(1), Fla. Stat. (2008) (Circuit Court has appellate jurisdiction of appeals from final orders of the County Court [exceptions do not apply here]).
[6] See Canal Ins. Co. v. Reed, 666 So.2d 888, 892 (Fla.1996) ("it would be in the best interests of all the parties for coverage issues to be resolved as soon as possible. We therefore suggest that the district courts expedite review of appeals involving the sole issue of coverage").
[7] Cf. Fla. R. Civ. P. 1.010 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every action").
[8] In addition to rewarding the Company's obstruction of the appellate process with even more opportunities to obstruct the final decision, the majority's unwarranted further postponement of the resolution of this coverage appeal expressly conflicts with the policy prescribed by the supreme court in Canal Ins. Co. v. Reed, 666 So.2d 888, 892 (Fla. 1996).