FARMER, J.,
dissenting.
By petition for common law certiorari an Insurance Company asks us to grant extraordinary review of a decision of the Circuit Court acting in its appellate capacity.[2] That court dismissed the Company’s appeal of a coverage decision by the County Court as a sanction for several violations of the appellate court’s orders.[3] By the time of the dismissal, the Company had evaded presenting an initial brief on its own appeal for nearly two years. Strikingly, the Company failed to perfect *1248 its appeal in spite of a prior order warning of dismissal if it failed to file its brief.[4]
We are thus asked to second-guess another court’s decision in the handling of an appeal. Our discretion in the matter should therefore be the most limited imaginable. I’m afraid the majority’s decision to grant this second-guess falls well outside any range of discretion we may claim.
Let me begin by observing that Circuit Courts are supposed to be the end of the line for cases begun in the County Courts.[5] Also, because of their very nature, conflicts over insurance coverage are required to be given expedited treatment and handling on appeal.[6] Yet, contrary to expedited treatment, this Company’s record of conduct in failing to prosecute its appeal seems designed to delay any resolution of coverage until the Insured simply gives up. And so the Insured’s characterization of the Company’s tactics in the appeal looks fair and apt to me:
“[it] reflects that [the Company] has been unwilling to move the appeal forward and has steadfastly resisted efforts by [the Insured] and the circuit appellate court to compel [the Company’s] compliance with its obligations under the rules of appellate procedure and court orders.”
That is certainly implicit in the Circuit Court’s findings in dismissing the appeal. The Company repeatedly filed motions for extensions of time after a period prescribed by Order had already expired. It repeatedly failed to serve the Insured with copies of purported filings. It repeatedly failed to consult counsel before filing motions for extensions of time. On several occasions it did not even bother to file the original of a motion for days or weeks after service. It never bothered to assist the Clerk by supplying copies of missing documents for inclusion in the Record. The Company never once seems to have filed anything on or before the date on which it was due by reason of an order of the court.
Legal issues of coverage are not difficult. Nothing suggests the coverage case in the County Court was anything but routine. Did the insurance contract cover the claim? Appeals of these decisions are usually simple and basic. If an Insurance Company cannot readily explain why its contract did not cover a specific claim, perhaps that inability betrays something wrong with denying coverage.
Coverage appeals are regular fare on our own docket. They rarely present difficulties in reaching a decision. Actually from time to time we too find it necessary to dismiss appeals because of similar mis *1249 conduct in handling an appeal. Nothing filed by the Company — here or in the Circuit Court — begins to adequately explain why a compliant initial brief was not laid before the court within a few months of the filing of the appeal. And nothing comes close to explaining a lapse of 20 months! before it attempted to file even a brief lacking proper record citations.
But today this court holds that the Circuit Court’s dismissal of the appeal — one that went unperfected for twenty months despite several orders granting new opportunities to file a brief — is somehow a departure from the essential requirements of law! I must say, the only “departure from the essential requirements of law” in this case appears to lie in the conduct of the Company on its own appeal.
In Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000), the court made clear that:
“we clarified and narrowed the scope of common law certiorari jurisdiction [holding] that ‘a decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as applied to the facts, is not an illegal or irregular act or proceeding remedial by certiora-ri.’ ”
774 So.2d at 682 (quoting Haines City Community Development v. Heggs, 658 So.2d 523, 525 (Fla.1995)). Ivey emphasized that the only inquiry under this highly restricted form of additional review is “whether the circuit court afforded procedural due process and whether it applied the correct law.” 774 So.2d at 682. And, to be sure, applying apt law incorrectly is no basis to open up this rare form of second review. See Housing Authority of City of Tampa v. Burton, 874 So.2d 6 (Fla. 2d DCA 2004) (unlike application of incorrect law, misapplication of correct law by a circuit court sitting in its appellate capacity generally does constitute a violation of clearly established law resulting in a miscarriage of justice, which would warrant certiorari relief).
By today’s decision, we make it pointlessly burdensome for the Circuit Court to manage its appellate docket. We hereby invite litigants like this one to delay an appeal to the Circuit Court without fear of the only useful sanction. Consequently, we deny their adversaries — appellees in such cases — the speedy, just and inexpensive determination to which they are entitled by law of the important coverage decision.[7]
Simply put, there is no miscarriage of justice here. There is no basis to conclude that in dismissing the appeal the Circuit Court failed to apply the correct law. As for the Circuit Court’s process and procedures, this case has already been drowned in over-processing — nearly two years of it without an acceptable brief ever quite surfacing. So elementary are the many procedural neglects and mistakes committed by Company in the handling of this coverage appeal,[8] that I am unable fully to suppress the impression that it has all been purposeful and calculated on its part. I could not bear to know how much more process is due for such an obstinate, unwilling appellant.
I dissent.

. See Fla. R.App. P. 9.030(b)(2)(B) (certiorari jurisdiction of district courts may be sought to review final orders of circuit courts acting in their review capacity).

.Its appeal sought review of a County Court decision declaring coverage in favor of the Insured. Another appeal by the Company sought review of a related award of attorneys fees in favor of the Insured.

.The court had ordered that if the Company failed to file the record by the date specified, along with its initial brief, or instead show good cause for failing to do so, the Court would impose the sanction of dismissal. The court later extended its deadline at the request of the Company who still failed to succeed even with the additional time. The majority seem to fancy a Dickensian procedure requiring an appellate court to renew its warning each time a party fails to comply with a required deadline. The Company’s appellate lawyers in the Circuit Court are presumably not lay persons ignorant of appellate procedures. I think one warning ought to be enough for appellate lawyers.

. See § 26.012(1), Fla. Stat. (2008) (Circuit Court has appellate jurisdiction of appeals from final orders of the County Court [exceptions do not apply here]).

. See Canal Ins. Co. v. Reed, 666 So.2d 888, 892 (Fla. 1996) ("it would be in the best interests of all the parties for coverage issues to be resolved as soon as possible. We therefore suggest that the district courts expedite review of appeals involving the sole issue of coverage”).

. Cf. Fla. R. Civ. P. 1.010 (“These rules shall be construed to secure the just, speedy, and inexpensive determination of every action”).

. In addition to rewarding the Company's obstruction of the appellate process with even more opportunities to obstruct the final decision, the majority’s unwarranted further postponement of the resolution of this coverage appeal expressly conflicts with the policy prescribed by the supreme court in Canal Ins. Co. v. Reed, 666 So.2d 888, 892 (Fla.1996).